PETER TREBLAS *vs.* NEW YORK LIFE INSURANCE COMPANY.

SAME *vs.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

Hampden.     February 12, 1934. — June 24, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Practice, Civil,* Auditor: findings, drawing of inferences from findings, ordering of judgment on report.

In an action upon a policy of disability insurance, a passage in an auditor's report, in which he described the condition of the plaintiff in substantially the same words as those used in the policy to define the extent of disability required for payment thereunder, "all within the meaning of the words as used in the policy," and found disability of the plaintiff "on all the evidence," was not ambiguous nor susceptible to the construction that it included a ruling of law as to the meaning of the language of the policy; such passage merely expressed the auditor's conclusions of fact.

Even if a conclusion favorable to the plaintiff stated in the report of an auditor whose findings were to be final included a ruling of law as well as a general finding of fact, an order for judgment in favor of the plaintiff was not erroneous where the subsidiary facts found warranted

the judge who entered the order in drawing an inference of fact to the same effect as the auditor's conclusion.

An order for judgment upon the report of an auditor whose findings were to be final may properly be entered even though an exception to the judge's denial of a motion to recommit the report is pending; such an order is merely a decision that the prevailing party is entitled to have judgment entered in his favor when the case becomes ripe for judgment, and the entry of the order is not prevented by G. L. (Ter. Ed.) c. 231, § 80.

Two ACTIONS OF CONTRACT. Writs dated March 1, 1932.

In the Superior Court, the actions were referred to an auditor whose findings were to be final. Material portions of the auditor's reports are described in the opinion. Motions by the defendants to recommit were denied by *Dillon*, J., who ordered judgments for the plaintiff, in the sum of $1,486.20 in the first action and in the sum of $1,080.20 in the second action. The defendants alleged exceptions.

The cases were submitted on briefs.

*W. S. Robinson & H. Robinson*, for New York Life Insurance Company.

*A. B. Green*, for The Equitable Life Assurance Society of the United States.

*D. H. Keedy & E. S. Searle*, for the plaintiff.

DONAHUE, J. Each of the defendant insurance companies issued to the plaintiff a policy of insurance containing provisions entitling him to receive a stated sum monthly in the event of his total and permanent disability. He brought an action on each policy and the cases were tried together before an auditor whose findings the parties had stipulated should be final. The reports filed by the auditor in each case were substantially the same. Objections of the defendants were annexed to the reports. Exceptions of the defendants here presented are to the denial by a judge of the Superior Court of motions to recommit the reports to the auditor and to the entry of orders for judgments for the plaintiff in the amounts found by the auditor.

The question before the auditor was the determination of the extent of the plaintiff's disability. His right to recover depended, not upon the establishment of absolute totality of disability, but upon proof of the existence of the extent of

disability described in the policies in terms of incapacity to earn any money. See *Rezendes* v. *Prudential Ins. Co. of America,* 285 Mass. 505, 511–512. The policy issued by the defendant in the first case provided that disability should be considered total "whenever the Insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit." The provision in the other policy was that disability should be deemed to be total "when it is of such an extent that the Insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value."

The auditor found that the plaintiff was injured in August, 1930, and thereafter suffered from various ailments for which he received medical treatment; that since April, 1931, the plaintiff had earned no money and had not engaged in any gainful or remunerative occupation; that he had been examined several times by physicians representing the defendants; that the plaintiff had acted in good faith throughout his illness, had spent considerable sums of money for medical treatment and had done all that his financial means would permit in the attempt to recover his health. In 1932, on the advice of physicians he went to Florida for his health. While there he consulted and was examined by a physician in the month of February of that year. The deposition of that physician was introduced at the trial before the auditor. The auditor specifically found that the statements of the history of the plaintiff's case and his condition appearing in the deposition were correct and that there had been no material change since that time. The deposition contained a lengthy description of the examination and tests made and their results, and a detailed statement in medical terms of the ailments from which the plaintiff was then and had been suffering. The deposition also contained repeated references to the plaintiff's condition from the point of view of his inability to work. It there appears that the plaintiff's "principal complaint . . . was painful swelling of the joints, inability to work because

of pain," that he was at the time of the examinations "unable to work and was totally disabled," that since the acute onset of his symptoms he had been "more or less totally incapacitated and unable to perform the usual duties pertaining to his occupation" and that he had been "totally disabled for a period of about a year." There was testimony from other physicians called by the plaintiff that he was totally disabled and from physicians called by the defendants that he had "no substantial disability" and that he was "not disabled."

The auditor states in the report filed in the first case: "On all the evidence I find that the plaintiff has been totally and permanently disabled since the first day of May, 1931, up to the date of the writ, and has been so disabled by disease that he is wholly prevented from performing any work, from filling any occupation or from engaging in any business for remuneration or profit, all within the meaning of the words as used in the policy." He made a similar finding in the second case, using the words of the other policy describing the extent of disability which was to be deemed total. Then having, at the request of the defendants for more specific findings as to the condition of the plaintiff, found, among other additional facts, that the history of the case and the statement of condition appearing in the deposition of the Florida physician were correct and also found that the plaintiff's condition had not materially changed, he again repeated his general finding in substantially the same words.

The principal contention of the defendants on the matter of the refusal of the judge to recommit the reports is that the language in the single sentence expressing general findings of the auditor is ambiguous; that is, they say that the language used is susceptible of the construction that it is not merely expressive of a conclusion of fact, but includes a ruling of law as to the meaning of the language of the policy. We do not think that the language of the auditor fairly read is ambiguous. His duty was to find the facts and his general conclusions purport to be findings of fact "on all the evidence." Subsidiary facts found warranted such conclu-

sions. He had the right to draw inferences from subsidiary facts and express his conclusion in the reports. In so doing he employed, not words of art having peculiar technical meanings, but words in every-day use. He used, to be sure, words which appear in the policies. But the defendants gained no monopoly or exclusive right to use words descriptive of conditions of fact by printing them in the policies which they issued. If the words adequately expressed the conclusions of fact which the auditor had reached he was not obliged to refrain from using them and to seek others in order to avoid the charge that he was making a ruling of law and not a finding of fact.

The auditor's reference to the meaning of the words used in the policies appears to have been made because the phraseology of the two policies before him was not identical, and in order to indicate his conclusion that the actual condition of the plaintiff as he found it was the actual extent of disability as described in different language in each policy. We do not think that reference may reasonably be construed as destroying the manifested intention of the auditor to make a finding of fact as to the plaintiff's degree of disability. His statement purports to be a finding of fact. He repeated it after making at the defendants' request more specific findings of subsidiary facts. Those subsidiary facts warrant the inference that the plaintiff was unable to do any kind of work for which he would receive compensation. He expressed that conclusion in apt and ordinary words which were in the policies. We do not find the language as written into the policies by the defendants ambiguous or the same words ambiguous when employed by the auditor in the reports to express as a fact the actual condition of the plaintiff as he found it.

The orders entered by the judge of the Superior Court directing judgments for the plaintiff could not be pronounced wrong even though the auditor's general finding was, as the defendants contend, not merely a finding of fact but included a ruling of law. The findings of the auditor had been made final. The judge was therefore empowered

to draw, if he chose, from subsidiary facts found by the auditor any warranted inference of fact that might have been, although it was not, drawn by the auditor. G. L. (Ter. Ed.) c. 231, § 126. *Bianco* v. *Ashley,* 284 Mass. 20, 25. It was a reasonable inference from subsidiary facts appearing in the reports that the plaintiff was in fact disabled to the extent required by the policies.

The defendants suggest that the plaintiff's motions for judgment were improperly considered by the judge and judgments in his favor wrongly ordered because the defendants' exceptions to the refusal to recommit the reports were then pending. An order for the entry of judgment is a decision that the prevailing party is entitled to have judgment entered in his favor when the case becomes ripe for judgment. G. L. (Ter. Ed.) c. 231, § 80, which prevents the actual entry of judgment until pending exceptions are disposed of, has no application to an order for judgment.

In each case the entry must be made

*Exceptions overruled.*