MARY ENGLISH *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Suffolk.   December 13, 1937. — June 6, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, & QUA, JJ.

*Insurance,* Life: group insurance; Disability.

A provision of a policy of group life insurance covering employees of a common employer, that upon "termination of active employment, the insurance of any discontinued employee under this policy automatically and immediately terminates," precluded recovery by the beneficiary upon the death of one whose employment had been terminated for three days, regardless of his physical condition at the time of such termination.

Under the provisions of a policy of group insurance covering employees of a common employer, that upon "due proof" that an insured employee had become totally and permanently disabled, the insurer would make certain monthly payments, those unpaid at his death to be commuted and paid in a lump sum, there could be no recovery of such lump sum upon his death a few days after he became disabled where there was no such "due proof" at any time.

CONTRACT.  Writ in the Superior Court dated February 20, 1929.

A verdict for the defendant was ordered by *M. Morton*, J. The plaintiff alleged exceptions.

*F. G. Doherty*, (*J. P. McNamara* with him,) for the plaintiff.

*D. E. Murphy*, (*W. A. Ryan* with him,) for the defendant.

LUMMUS, J.  Judson L. Thomson Manufacturing Company, hereinafter called the Thomson Company, the employer of Edward J. Gallagher, insured his life with the defendant under a so-called group policy in the sum of $1,000.  The promise of the defendant was "upon receipt at its home office in the city of New York, of due proof of the death within one year from the date hereof, or within one year from the date of any renewal hereof, of any such employee while insured hereunder, to pay at such home office to the beneficiary as designated by the employee, the amount for which such employee is hereby insured . . . ." The policy was dated January 6, 1925, but was renewed year after year, the last renewal being on January 6, 1928.

The policy provided as follows: — "The employer agrees to report to the company in writing not later than the 26th day of each calendar month: (a) The names of all persons insured hereunder, not previously reported who shall have ceased to be in its employment since the 26th day of the preceding calendar month, together with the date when each such employee left said employment, and the insurance hereunder as to each such employee shall be discontinued as of that date."  Elsewhere in the policy is this provision: "Upon termination of active employment, the insurance of any discontinued employee under this policy automatically and immediately terminates and the company shall be released from any further liability of any kind on account of such person . . . . Re-employment will be classed as new employment in accordance with paragraph 3 hereof and will be subject to the issuance of a new certificate."  The certificate issued by the defendant to Gallagher, stating his rights under the policy, provides that

"if death occur while the employee is in the employ of the employer and while said group policy is in force, the amount of insurance in force thereunder on said employee, will be paid to Mary English beneficiary."

There was uncontradicted evidence that on April 11, 1928, Gallagher, who had been coming to work occasionally while under the influence of liquor, was found at work again in that condition, and was sent home. He did not return, and before April 16, 1928, his employer decided to discharge him. His name was dropped from the payroll during the week ending April 14, 1928. On April 16, 1928, the employer sent him a notice by messenger that he had been discharged, and the notice was delivered to him on that day. On May 1, 1928, in accordance with its custom in dealing with the group insurance, the employer reported to the defendant in writing that Gallagher had ceased to be employed on April 14, 1928, because of his discharge.

The plaintiff, who is the beneficiary of Gallagher under the policy, offered to show by the messenger who delivered the letter to Gallagher on April 16, 1928, that Gallagher was then "very sick, sweating profusely, barely able to lift his hand to take the letter, and breathing with great difficulty." The plaintiff excepted to the exclusion of this evidence. She contends that it was competent to show that at the time Gallagher was discharged he was then totally and permanently disabled. It is conceded that Gallagher died of lobar pneumonia on April 19, 1928.

Upon any view of the case, the employment of Gallagher terminated not later than April 16, 1928, three days before his death. *Kowalski* v. *Aetna Life Ins. Co.* 266 Mass. 255. *Beecey* v. *Travelers Ins. Co.* 267 Mass. 135. *Colter* v. *Travelers Ins. Co.* 270 Mass. 424. *Shea* v. *Aetna Life Ins. Co.* 292 Mass. 575, 582–583. *Emerick* v. *Connecticut General Life Ins. Co.* 120 Conn. 60; 105 Am. L. R. 413. *Equitable Life Assurance Society* v. *Larocco,* 68 Fed. (2d) 451. *Bradley* v. *Prudential Ins. Co.* 70 Fed. (2d) 988. The insurance thereupon "automatically and immediately" terminated, regardless of the physical condition of Gallagher at the

time, so far as the liability to pay $1,000 upon his death is concerned.

The plaintiff relies upon the provision of the policy that "upon receipt at the home office in the city of New York, of due proof that any employee, while insured hereunder, . . . has become totally and permanently disabled, as the result of bodily injury or disease" the insurer, in lieu of payment at death, will pay monthly instalments, in the present case to the number of twenty instalments of $51.04 each, the first of which will be paid "upon receipt of due proof of total and permanent disability, in which event the insurance hereinbefore provided under this policy, on the life of the said employee, shall cease to be in force and no further premiums will be payable on account thereof."    Then follows another provision upon which the plaintiff particularly relies: — "During the period of total and permanent disability the said employee shall not have the right to receive in one lump sum, the commuted value of any unpaid monthly instalments, but, if the said employee dies during such period, any instalments provided herein, remaining unpaid at the date of death shall be commuted at the rate of three and one-half per centum per annum, compound interest, and paid in one sum to the said beneficiary."

We need not decide whether, if Gallagher, prior to his discharge from his employment, was in a condition of total and permanent disability, he acquired a vested right to furnish "due proof" of the fact and to receive monthly instalments commutable upon his death, to which his estate or his beneficiary might succeed.    See *Pan-American Life Ins. Co.* v. *Welch,* 74 S. W. (2d) 408 (Tex. Civ. App.); *Prudential Ins. Co.* v. *Cox,* 254 Ky. 98; *Murray* v. *Metropolitan Life Ins. Co.* 145 Miss. 266; *Turley* v. *John Hancock Mutual Life Ins. Co.* 315 Penn. St. 245.    It may be, however, that no right to commutable monthly instalments came into existence until "due proof" had been received during the lifetime of Gallagher, and that until receipt of such due proof the only obligation of the defendant was to pay $1,000 upon due proof that Gallagher died while an employee of

the Thomson Company. There was no evidence that the defendant ever received, either before or after the death of Gallagher, any "due proof" that he was totally and permanently disabled before he ceased to be an employee. In that situation no recovery could be had for commutable monthly instalments.

The provision of the certificate issued to Gallagher, that "in case of the termination of the employment for any reason whatsoever, the employee shall be entitled to have issued to him . . . upon application made . . . within thirty-one days after such termination, and upon the payment of the premium applicable to the class of risk to which he belongs and to the form and amount of the policy· at his then attained age . . . a policy of life insurance in any one of the forms customarily issued by such company . . . in an amount equal to the amount of his protection under the group insurance policy at the time of such termination," cannot help the plaintiff. That provision was only a contract to make a future contract of insurance. Gallagher never availed himself of it. *Kowalski* v. *Aetna Life Ins. Co.* 266 Mass. 255, 261, 262. *Beecey* v. *Travelers Ins. Co.* 267 Mass. 135, 139. *Aetna Life Ins. Co.* v. *Carroll*, 188 Ark. 154. *Aetna Life Ins. Co.* v. *Catchings*, 75 Fed. (2d) 628. The verdict for the defendant was properly directed.

*Exceptions overruled.*