HYMAN WOODMAN *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk. May 4, 1938. — June 6, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, & QUA, JJ.

*Insurance,* Disability, Lapse, Proof of loss.

Under a policy of insurance providing for benefits and for waiver of payment of premiums upon disability and requiring proof of disability as a condition precedent to a right of recovery thereunder, proof, made after the policy had lapsed, that the insured was disabled while it was in force was ineffective.

CONTRACT. Writ in the Superior Court dated August 8, 1933.

A verdict for the defendant was ordered by *Brogna,* J. Both parties alleged exceptions.

*L. H. Sawyer,* for the plaintiff, submitted a brief.

*S. L. Kaplan,* for the defendant.

LUMMUS, J. This is an action upon a policy of life insurance issued by the defendant to the plaintiff, to recover benefits for total and permanent disability. The last quarterly premium that was paid was that of October 30, 1932. The succeeding premium, due January 30, 1933, was not paid when due nor within the grace period of thirty-one days allowed, which expired on March 2, 1933.

The plaintiff underwent an operation for hernia on December 12, 1932. He was discharged from the hospital on January 2, 1933. After that time, he contended, he was wholly and permanently disabled by bodily injury or disease sustained or contracted after the date of the policy so as to be wholly, continuously and permanently prevented from the pursuit of any form of mental or manual labor for compensation, gain or profit, and was therefore, he contended, entitled under the policy to a waiver of further premiums and to disability benefits. The jury, in answer to special questions, found that he was so disabled, but were unable to find when the disability began.

The jury found that due proof of disability was made. But there was no evidence of any proof made before March 28, 1933, when an oral notice was given the defendant that the plaintiff claimed disability benefits. We need not consider whether that could be found to be "due proof" (*Belbas* v. *New York Life Ins. Co., ante,* 471), for the obligation of the defendant to grant the benefits of waiver of payment of further premiums, and payment of disability benefits, could not arise until "receipt of due proof of such disability." Before any proof whatever was made, the policy had lapsed. *Kukuruza* v. *John Hancock Mutual Life Ins. Co.* 276 Mass. 146, 149. Proof after that was ineffective. *Sherman* v. *Metropolitan Life Ins. Co.* 297 Mass. 330, 336.

The provisions of the policy giving the plaintiff three

options in case of default in payment of premium, one of receiving in cash the surrender value of the policy, and the other two of continuing the policy as paid-up life or term insurance, do not help the plaintiff. Each alternative expressly denied any further right to disability benefits. The policy was never reinstated, although the plaintiff made application for reinstatement. The direction of a verdict for the defendant was right. The exceptions of the defendant have become immaterial, and are treated as waived. Those of the plaintiff are overruled.

*So ordered.*

---

## MEMORANDUM.

On June 12, 1938, the Honorable Arthur Prentice Rugg died. He held the office of Associate Justice of this court from the twenty-sixth day of September, 1906, to the twentieth day of September, 1911, and from that date until his death the office of Chief Justice.