LEON ROSEMONT *vs.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

Berkshire. February 10, 1938. — September 13, 1938.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, COX, & RONAN, JJ.

*Insurance*, Disability.

A finding that up to the time of the trial an insured was "permanently unable to engage in any occupation or perform any work for compensation" within a policy of disability insurance was warranted by evidence that he suffered from coronary sclerosis and could not work without risk of a fatal attack and that his disease "does not get better," though there was evidence that against medical advice he had tried the experiment of light office work for a short time, with harmful results, and though there was no direct evidence as to his condition or activities during the five months preceding the trial.

CONTRACT. Writ in the Superior Court dated November 23, 1935.

There was a finding for the plaintiff by *Burns*, J., in the sum of $11,267.07. The defendant alleged exceptions.

The case was argued at the bar in February, 1938, before *Rugg*, C.J., *Donahue*, *Qua*, & *Dolan*, JJ. After the death of *Rugg*, C.J., the case was submitted on briefs to *Field*, C.J., *Cox*, & *Ronan*, JJ.

*M. B. Warner*, for the defendant.

*F. M. Myers*, for the plaintiff.

QUA, J. This action is brought to recover disability payments upon two policies of insurance, one being a "disability policy" and the other an "ordinary life policy" which also contains disability provisions. The parties stipulated that the court might determine their rights up

to the date of the decision as if the writ were issued on that day.   The decisive question is whether the evidence was adequate to support findings of disability within the terms of the two policies, continuing to the date of the decision in the Superior Court.

The first policy provides indemnity "if the insured as the result of injury or disease is permanently unable to engage in any occupation or perform any work for compensation of financial value."   The disability provisions of the second policy become operative "if the insured is and will be wholly and presumably permanently unable to engage in any occupation or perform any work for compensation of financial value."

We do not discuss the effect of the auditor's report, although his findings were generally favorable to the plaintiff, as the evidence at the trial apart from the auditor's report was ample to support the judge's finding as to both policies.   There was evidence that the plaintiff was suffering from "coronary sclerosis," which "does not get better, once it is established"; that he was "totally disabled from performing any work whatsoever, physical or mental"; that he could not work without risk, as any excitement or effort might precipitate an attack, and "we never know which attack is going to be fatal"; and that his condition was permanent with no prospect of recovery.   This evidence is not as matter of law overcome by further proof that the plaintiff, tiring of "being put on the shelf," against medical advice and as an experiment, took the risk for a time of doing "very light work in the office," avoiding "all mental or physical emotion," and continuing under treatment; that the test "proved the opposite of beneficial"; that within the first week the plaintiff "had three spells" and at the end of a month was "in terrible shape"; that "we have found he is unable to do even the lightest of his tasks"; that the plaintiff was in his office "an hour or two a day, and only perhaps a few days out of the week"; that "all he did when he was there was to occasionally accept payment from a customer"; and that he frequently took tablets which had been prescribed for him to use when

he had an "attack." The question was still one of fact. It was for the judge to say whether the plaintiff really at any time did do or could do work for which he could obtain "compensation" of "financial value," and if he did or could whether such work involved excessive risk to life or health. In a number of recent decisions this court has construed language similar to that used in the policies here involved, and it is unnecessary to repeat what has been said in those cases. *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505. *Treblas* v. *New York Life Ins. Co.* 291 Mass. 138. *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 219. *Boss* v. *Travelers Ins. Co.* 296 Mass. 18.

The defendant lays stress upon the facts that the plaintiff did not testify at the trial before the judge, which took place in May, 1937, and that there was no direct evidence as to his condition or as to what he was doing since the previous December. There was, however, some evidence that the plaintiff was in California at the time of the trial, and there was no requirement of law that he should attend in person. The evidence already outlined as to the permanent nature of his ailment was sufficient to support a finding that he had not ceased to be incapacitated up to the date of the decision.

If, as the defendant further contends, the specific findings of the judge are, taken by themselves alone, in any respect inadequate to permit recovery as to both policies, his general finding for the plaintiff implies such permissible specific findings as may be necessary to support it. *Wood* v. *Oxford*, 290 Mass. 388, 390.

The defendant's requests for rulings need not be discussed in separate detail. We find no error in the rulings with respect to them.

*Exceptions overruled.*