URESER TRUCKEN, administratrix, *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Middlesex.   November 9, 1938. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Insurance,* Disability insurance, Group insurance, Waiver, Proof of loss. *Waiver.*

Liability of an insurance company to pay disability benefits to an employee under provisions of a policy of group insurance that, upon receipt of due proof of total and permanent disability it would pay certain amounts periodically, the first instalment to be paid "six months after receipt of due proof," and that if the employee died while so disabled, payments should be made to a designated beneficiary, attached when such disability occurred and was not affected merely by his discharge and death thereafter before "due proof" was

made although the policy provided that upon "termination of active employment the insurance . . . under this policy automatically and immediately terminates and the company shall be released from any further liability of any kind."

Waiver of due proof by an insurance company properly was found on evidence that, upon application to the company by the attorney for the claimant for blanks upon which "due proof" might be made, he was merely informed that the company denied all liability and that his files could "be properly closed."

CONTRACT. Writ in the Superior Court dated March 5, 1931.

Verdicts for the defendant on the first count of the declaration and for the plaintiff on the third count in the sum of $1,639.43 were returned before *Greenhalge,* J. Both parties alleged exceptions.

*R. C. Evarts,* (*W. A. Ryan* with him,) for the defendant.

*C. W. Lavers,* for the plaintiff.

LUMMUS, J. "Waterhead Mills, Inc. and/or Waterside Mills, Inc.," the employer of William Trucken, insured his life with the defendant under a so called group policy in the sum of $1,000. One promise of the defendant was "upon receipt at its home office in the city of New York, within one year from the date hereof, or within one year from the date of any renewal hereof, of due proof of the death of any such employee while insured hereunder, to pay at such home office to the beneficiary as designated by the employee the amount for which such employee is hereby insured . . . ." The policy was dated December 24, 1919, and ran for one year, but was renewable and was renewed year after year and was in force at the death of William Trucken on August 29, 1927, at the age of fifty years. The policy provided as follows: "The employer agrees to report to the company in writing, as promptly as practicable after the 14th day of each calendar month; the names of all persons ceasing to be in its employment since the 24th day of the preceding calendar month and upon whom insurance hereunder is to be discontinued, together with the date when each such person left said employment and the insurance hereunder was discontinued." Elsewhere in the policy was this provision: "Upon termination of active

employment, the insurance of any discontinued employee under this policy automatically and immediately terminates and the company shall be released from any further liability of any kind on account of such person unless an individual policy is issued" to him upon application to the company within thirty-one days after such termination of employment and upon payment of the premium then applicable to the class of risk to which he belongs and to the form and amount of the policy at his attained age.   As to this last clause, see *English* v. *Metropolitan Life Ins. Co.* 300 Mass. 482, 486.

The policy provided also as follows: "On receipt by the company at its home office of due proof that any employee insured hereunder has become wholly and permanently disabled by accidental injury or disease, before attaining the age of sixty years, so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, the company will waive the payment of each premium applicable to the insurance on the life of such disabled employee that may become payable thereafter under this policy during such disability, and, in addition to such waiver, will pay to such employee during such disability, in full settlement of all obligations hereunder pertaining to such employee, and in lieu of the payment of insurance as herein provided," certain periodical payments, the first instalment of which is to be paid "six months after receipt of due proof of total and permanent disability."   The policy continues: — "If the employee dies during the period of total permanent disability, any instalments remaining unpaid shall be payable as they become due to the beneficiary nominated by such employee, and such beneficiary shall have the right to commute such remaining payments into one sum on the basis of interest compounded at the rate of three and one-half per centum per annum."

The uncontradicted evidence showed that Trucken was "laid off" from his employment on July 27, 1927, because for two or three months he was inattentive to duties which required care, and did his work poorly.   A month later, on

August 27, 1927, he was received at a hospital, suffering from malignant hypertension or extreme arteriosclerosis, with edema of the lungs and neuritis. He died two days later, on August 29, 1927, from those diseases. He told the attending physician that for five weeks he had had pains in the chest, neck, back and legs, which became progressively worse. Expert testimony showed that his condition of arteriosclerosis was of long standing, and in an advanced state, tended to make him mentally confused, naturally affected his ability to do his normal work satisfactorily for a number of months, and probably did so on July 27, 1927. Before that date he had been away from work a good deal.

The verdict for the defendant on the first count, which was for the death benefit, established that a "termination of active employment" by Trucken took place on July 27, 1927, and that the liability to pay the death benefit "automatically and immediately" terminated, regardless of his physical condition at the time. *English* v. *Metropolitan Life Ins. Co.* 300 Mass. 482, 484–485. *Hawthorne* v. *Metropolitan Life Ins. Co.* 285 Mich. 329. See now St. 1939, c. 170. The case of *Emerick* v. *Connecticut General Life Ins. Co.* 120 Conn. 60, 105 Am. L. R. 413, arose under a different form of policy. There was left only the question whether the plaintiff can hold her verdict under the third count for disability payments in a lump sum.

The insurance under the policy, so far as applicable to Trucken, "was upon his life and against his disability." The promise of the defendant was made to him. He was the insured, and he and his estate were the only beneficiaries. *Shea* v. *Aetna Life Ins. Co.* 292 Mass. 575, 580–582. The liability to pay disability benefits under the form of policy in the present case attached whenever a total and permanent disability by accidental injury or disease came upon Trucken during the life of the policy and the employment, and not merely after such disability had existed for six months. The provision that the first disability payment shall become payable six months after receipt of due proof of such disability, is a condition of the satisfaction

or collection of the debt, not of its creation.   See *L. P. Hollander Co. Inc. petitioner,* 301 Mass. 278, 280.   The purpose of the delay in payment was to give the insurer time in which to assure itself that the disability was in fact of a total and permanent character.   All this was established by *Shea* v. *Aetna Life Ins. Co.* 292 Mass. 575, and not affected by *English* v. *Metropolitan Life Ins. Co.* 300 Mass. 482, 486, in which recovery under a provision like that now relied on failed because of the absence of due proof and of any waiver of due proof.   The present case is to be distinguished from *Sherman* v. *Metropolitan Life Ins. Co.* and *Bruce* v. *New York Life Ins. Co.* 297 Mass. 330, 334, where, in discussing policies which were not of group insurance and were differently phrased, it was said, "In neither case was the furnishing of 'due proof' a mere condition, precedent or subsequent, of a liability arising independently.   The obligation itself was limited to a period measured and defined by the receipt of 'due proof.'"   See also *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471, 473; *Woodman* v. *John Hancock Mutual Life Ins. Co.* 300 Mass. 486, 487.

The evidence warranted a finding that when Trucken was discharged on July 27, 1927, he already was in a condition of total and permanent disability resulting from disease, so that he was and would be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, within the language of the policy.   The jury could find that in his advanced state of disease, which ended his life in about a month, he could not keep a job or do any substantial remunerative work. *Boss* v. *Travelers Ins. Co.* 296 Mass. 18.   *Rosemont* v. *Equitable Life Assurance Society,* 301 Mass. 139.   *Arabia* v. *John Hancock Mutual Life Ins. Co.* 301 Mass. 397.   *Woodrow* v. *Travelers Ins. Co.* 121 N. J. L. 170.   *New England Mutual Life Ins. Co.* v. *Hurst,* 174 Md. 596.   *Miller* v. *United States,* 294 U. S. 435.   His right to disability payments, it could be found, attached before his discharge from employment, during the continuance of the policy, and passed upon his death to his administratrix, who

upon furnishing due proof of his disability would become entitled under the terms of the policy to receive the disability payments commuted into one sum. The question left open in *English* v. *Metropolitan Life Ins. Co.* 300 Mass. 482, 486, is thus decided in accordance with decisions in other jurisdictions there cited.

A waiver of the requirement of "due proof" of total and permanent disability could have been found. On February 2, 1928, an attorney for the plaintiff wrote to the defendant, asking for blanks upon which "due proof" might be made. The reply, dated February 7, 1928, denied all liability, and ended, "We believe with this information, your files can be properly closed." Again, on December 6, 1929, the attorney asked in writing for a blank proof of claim, but none was sent. The reply again denied all liability. This upon familiar principles could be found a waiver. *Palumbo* v. *Metropolitan Life Ins. Co.* 293 Mass. 35, 37, and cases cited. The correspondence did not distinguish between liability for death benefit and liability for disability benefits, but the denial of liability was complete, final, and apparently inclusive of all claims under the policy.

In view of the result, we treat the plaintiff's exceptions as waived. We cannot see how any result more favorable to the plaintiff could be reached if they should be sustained.

*Plaintiff's exceptions waived.*
*Defendant's exceptions overruled.*