Manuel P. Azevedo *vs.* The Mutual Life Insurance Company of New York.

Bristol.    January 9, 1941. — January 28, 1941.

Present: Field, C.J., Donahue, Lummus, Cox, & Ronan, JJ.

*Insurance*, Disability.    *Practice, Civil*, Case stated.

A case, submitted to a judge of a District Court upon a statement of agreed facts in which the parties stipulated that the facts therein recited comprised all the facts, was a case stated although the judge also took a view and received a document in evidence; and, on an appeal from a decision by the Appellate Division, the view and document were not considered.

A conclusion, that the operator of a dairy farm was not entitled to disability benefits under a policy of insurance as one who within its terms had "become totally . . . disabled . . . so that he" was "wholly prevented . . . from performing any work for compensation, gain or profit, and from following any gainful occupation," was warranted where it appeared that, although, because of impairment of the use of his hand, it had become impossible for him to perform the manual tasks generally required of a farmer, which he previously had performed, he supervised the farm, operating it through employees, drove an automobile, and was a director of a milk distributing organization, whose meetings he attended.

Contract. Writ in the Third District Court of Bristol dated August 26, 1936.

Upon a report by *Nunes*, J., who found for the plaintiff in the sum of $300, the Appellate Division for the Southern District ordered judgment for the defendant.

The case was submitted on briefs.

*T. F. O'Brien*, for the plaintiff.

*G. Hoague & J. Barker, Jr.*, for the defendant.

RONAN, J.     This is an action of contract to recover six monthly payments of $50 each for the period beginning March 26, 1936, under the disability clauses of a policy of insurance issued on September 25, 1923, by the defendant on the life of the plaintiff. At the trial in the District Court, the trial judge viewed and examined the plaintiff's right hand; the policy of insurance was introduced as an exhibit; and the case was submitted on a statement of agreed facts in which the parties stipulated that the facts recited were true and comprised all the facts, and that the judge might draw reasonable inferences. The judge found for the plaintiff. The case is here on appeal by the plaintiff from a decision of the Appellate Division ordering judgment for the defendant.

The extent of the plaintiff's impairment is specifically set forth in the statement of agreed facts and so are the material portions of the policy. A view of the plaintiff's hand by the trial judge and the introduction of the policy as an exhibit at the trial could hardly be said to affect anything included in the statement of agreed facts. *Keeney* v. *Ciborowski*, 304 Mass. 371. *Rice & Lockwood Lumber Co.* v. *Boston & Maine Railroad, ante,* 101. This statement of agreed facts is not merely evidence that the judge was to weigh and consider in arriving at a decision, but it was a recital of facts admitted to be true, and further provided that such facts comprised all the facts. This was a case stated. *Wolbach* v. *Commissioner of Corporations & Taxation,* 268 Mass. 365. *McNulty* v. *Boston,* 304 Mass. 305. And the conclusions of the trial judge, reached by inference from the facts stated, are open to review as matter of fact when the case comes here by appeal. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105. *Keefe* v. *Johnson,* 304 Mass. 572.

The policy provided for the payment of disability benefits if the insured "has become totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation." It also provided that total disability continuing for not less than ninety days "shall, during its further continuance, be presumed to be permanent." The single issue is whether the plaintiff, upon the facts stated with the permissible inferences, has shown that he was totally and permanently disabled within the terms of the policy.

The plaintiff sustained a fracture of his right elbow when he was twelve years of age, and the callous resulting from the fracture encroached upon the ulnar nerve causing ulnar paralysis which, however, did not appear until 1933. Thereafter the paralysis progressed to such an extent that on December 28, 1935, the insured, who was then fifty-eight years old, was unable to use the ring finger and little finger of his right hand. His right thumb became atrophied at the base, causing a weakness of the grip and rendering it impossible for him to perform manual labor. The insured has suffered no disability other than this impairment of the use of his right arm.

The plaintiff, prior to December 28, 1935, operated a dairy farm in Westport, where he kept thirty-five cows. The farm comprised one hundred four acres of which thirty-four acres were and have remained under cultivation. The plaintiff had performed the various manual services incidental to the proper cultivation and upkeep of the land. He milked cows, plowed the land, and used the different farm implements necessitating the use of both arms and hands. With the aid of three employees, he was able to do all of the work required for the maintenance of the farm. Since December 28, 1935, he has been unable to do the manual tasks generally required of a farmer, and has restricted himself to the supervision and management of the farm. He has hired an additional employee, and these four employees have done the plowing, cared for the cattle,

and performed the other necessary manual labor in accordance with the instructions given by the plaintiff, who has exercised active supervision of the farm. He receives the proceeds of the farm, purchases supplies and buys and sells cows. He drives an automobile. He is a director of a milk distributing organization, which purchases his milk and that of other farmers, and frequently attends meetings of the directors. The plaintiff has had no schooling, and never pursued any occupation other than farming.

The total and permanent disability of which the policy speaks must not be construed in a strictly literal sense as covering only a disability resulting in a complete incapacity which will continue indefinitely or for life. The words must be reasonably construed to effectuate the intent of the parties. A disability is total within the terms of this contract of insurance if it renders the insured wholly and continuously incapable of performing remunerative work of a substantial and not merely of a trifling character, or prevents him from pursuing to a substantial degree any gainful occupation as a means of livelihood. Likewise, the term permanent must be given its proper significance. A total disability in the sense we have mentioned, continuing for not less than ninety days, is by the terms of the policy presumed to be permanent. We need not further amplify the principles governing the construction of the policy, as they have been fully set forth in numerous recent cases. *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505. *Treblas* v. *New York Life Ins. Co.* 291 Mass. 138. *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215. *Boss* v. *Travelers Ins. Co.* 296 Mass. 18. *Rosemont* v. *Equitable Life Assurance Society,* 301 Mass. 139. *Trucken* v. *Metropolitan Life Ins. Co.* 303 Mass. 501.

Upon the agreed facts it is plain that the insured is unable to perform the manual labor he had previously done, and that the restriction of his activities in this respect is due to the impairment of his right arm and hand. The record does not disclose that this impairment is accompanied by any pain or suffering. His disability has not been shown to come within the terms of the policy. Indeed his dis-

ability has not prevented him from continuously supervising and managing the operations of his dairy and farm as a means of a livelihood. *Ford* v. *United States Mutual Accident Relief Co.* 148 Mass. 153. *Kaneb* v. *Equitable Life Assurance Society,* 304 Mass. 309. *Lumbra* v. *United States,* 290 U. S. 551. *United States* v. *Spaulding,* 293 U. S. 498. *Miller* v. *United States,* 294 U. S. 435. *Metropolitan Life Ins. Co.* v. *Foster,* 67 Fed. (2d) 264. *New York Life Ins. Co.* v. *Stoner,* 109 Fed. (2d) 874.

> *Order of Appellate Division ordering*
> *judgment for defendant affirmed.*