EILEEN E. REYNOLDS, executrix, *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk. May 7, 1942. — August 5, 1942.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Insurance,* Disability insurance.

Under provisions of a twenty-year endowment life insurance policy that, upon total and permanent disability of the insured occurring in certain circumstances and continuing for not less than sixty days and upon due proof of disability, the company at the end of six months after the date of such proof would pay him a certain sum "and a like amount annually thereafter during the continuance of the disability, until the maturity of the policy," liability of the company to make the first disability payment at the end of such six months arose upon the date of such proof although the policy matured during the six months.

CONTRACT. Writ in the Municipal Court of the City of Boston dated January 9, 1940.

There was a finding for the defendant by *Gillen*, J., and, upon report to the Appellate Division, judgment for the plaintiff was ordered. The defendant appealed.

*J. W. Mahoney*, for the defendant.

*K. L. Pease*, for the plaintiff.

Qua, J. This action was originally brought by the plaintiff's testator, Charles V. Reynolds, in his lifetime to recover a disability payment alleged to have become due to him on December 26, 1939, on a twenty-year endowment life insurance policy in the defendant company which also contained a "Total and Permanent Disability Benefit Provision."

Decisive portions of the case stated upon which the action was tried are these. The "Total and Permanent Disability Benefit Provision" contains stipulations that if the insured becomes "wholly and permanently disabled . . . and has been so disabled for not less than sixty days, then, if there is no premium in default, upon receipt of due proof of such disability," occurring before the insured reaches the age of sixty, the company "will waive the payment of further premiums, after the then current policy year, during the continuance of the disability, and, at the end of six months from the date on which the disability is proved, will pay to the Insured, subject to the conditions and limitations of this provision, . . . an amount equal to one-tenth of the face amount of the policy, and a like amount annually thereafter during the continuance of the disability, until the maturity of the policy." All premiums, including the special yearly disability premium, were paid according to the provisions of the policy, and the policy was in full force and effect at all material times, except that it "matured and became payable on August 22, 1939," by the expiration of twenty years from the date of issue. The insured, being under sixty years of age, became wholly, permanently and continuously disabled at least sixty days prior to June 26, 1939, and on that day "proved" his disability to the company.

The plaintiff contends that since the insured became wholly and permanently disabled while the policy was in

full force, and since this was one of the risks insured against, and since the insured complied with all conditions and formal requirements of the policy, the plaintiff is entitled to recover the disability payment due on December 26, 1939, which day was "the end of six months from the date on which the disability . . . [was] proved." The defendant contends that payments were to be made only "until the maturity of the policy," and that, since the policy matured before the due date of the first payment, the defendant never became liable to pay anything for the disability of the insured.

The issue depends upon whether the phrase "until the maturity of the policy" at the end of the portion hereinbefore quoted from the "Total and Permanent Disability Benefit Provision" qualifies only the immediately preceding words, "a like amount annually thereafter," as the plaintiff argues, or amounts to a condition attached to the entire disability provision that no disability payment shall be made after the endowment part of the policy matures, as the defendant argues. There are considerations favoring each construction, and it is plain that in any event the times of payment are arbitrarily fixed and that not all of them bear an exact relation to the length of the preceding period of disability. But on the whole the weight of the argument seems to us to favor the plaintiff's contention.

In accordance with the general rule of interpretation of insurance policies, doubtful language is to be construed against the insurer and in favor of the insured. *Cormier* v. *Hudson*, 284 Mass. 231, 234. It would seem that the defendant promised to do three things in case the insured became and continued for not less than sixty days wholly and permanently disabled before he reached the age of sixty: (1) to waive further premium payments during disability, (2) to pay the insured at the end of six months from proof of disability an amount equal to one tenth of the face amount of the policy, and (3) to pay to the insured a like amount annually thereafter during the continuance of the disability, "until the maturity of the policy." The defendant would construe the policy as if promise (2) above were

to pay the insured at the end of six months from the proof of disability an amount equal to one tenth of the face amount of the policy, "until the maturity of the policy." The phrase "until the maturity of the policy" is not adapted to explain or qualify in this way the promise in (2) above to make one single payment at a fixed time, but it is an appropriate expression to qualify and place a limit upon the promise in (3) above to make a series of payments over an extended period of time.

In addition to the difficulties arising out of the wording of the policy, the defendant's contention encounters the further obstacle that, if the maturity of the policy within the period of six months after proof of disability defeats all right of recovery, the insured actually receives only six months of disability protection in return for his last "Disability Premium," although that is a "special yearly premium" for the express purpose of covering disability in addition to the principal premium paid for the life and endowment features of the policy, and although the same amount was paid for the last year of the policy as was paid for each previous year. An interpretation that would produce this result is to be avoided if possible. We think that the liability of the company for the first payment arose when the insured became wholly and permanently disabled and continued so "for not less than sixty days" within the term of the policy, and upon due proof thereof, even though the first payment did not become due and payable until the expiration of six months from the date of proof, and even though annual payments thereafter would be continued only "until the maturity of the policy." The reason for the delay of six months in making the first payment is probably to be found in the difficulty that often exists in making sure that a disability is really permanent. See *Hovhanesian* v. *New York Life Ins. Co.* 310 Mass. 626, and cases cited. The expiration of this period was not a condition precedent to liability, but the delay in payment would furnish a needed opportunity to ascertain whether the disability was in truth permanent and thus whether liability had ever arisen. *Shea* v. *Aetna Life Ins. Co.* 292 Mass. 575, 583,

584. *Trucken* v. *Metropolitan Life Ins. Co.* 303 Mass. 501, 504, 505.

In so far as the few cases from other jurisdictions cited by the defendant may be in conflict with the views here expressed we decline to follow them.

*Order for judgment for the*
*plaintiff affirmed.*