JAN ARABASZ *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

SAME *vs.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

Bristol.     October 28, 1942. — December 1, 1942.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Insurance,* Disability.

An insured under a policy of disability insurance, who had had tuberculosis which had been arrested so that thereafter he was able to do light work and earn a living as keeper of a grocery store, was not totally and permanently disabled so as to be prevented from engaging in any occupation and performing any work for compensation or profit within the requirements of the policy.

TWO ACTIONS OF CONTRACT. Writs in the Third District Court of Bristol dated September 17, 1940.

The actions were heard by *Potter,* J., who found for the plaintiff in each. The Appellate Division for the Southern District ordered entered "findings" for the defendants. The plaintiff appealed.

In this court the cases were submitted on briefs.

*H. A. Bartkiewicz,* for the plaintiff.

*M. R. Brownell & C. H. Whittier,* for the defendant Metropolitan Life Insurance Company.

*J. W. Mahoney & S. L. Kaplan,* for the defendant Mutual Life Insurance Company of New York.

LUMMUS, J.  These are actions upon policies of life insurance issued by the several defendants to the plaintiff.  The policies provided for payments to the insured each month upon due proof that the insured, as the result of bodily injury or disease originating after the issuance of the policies, had become totally and permanently disabled so as to be prevented from engaging in any occupation and performing any work for compensation or profit, and that such disability had already continued uninterruptedly for a period of at least three months.

In the Metropolitan case the defendant voluntarily made monthly payments until August 19, 1939, and in the Mutual case the defendant did so until May 4, 1939.  These actions are brought to recover monthly payments falling due thereafter.  It was found that the plaintiff had had tuberculosis, but that the disease had been arrested before the time when the monthly payments claimed in the declarations were to begin.  The plaintiff was then and thereafter able to do light work, and to act as the keeper of a grocery store and to earn a living at that occupation.

"A disability is total within the terms of . . . [these contracts] of insurance if it renders the insured wholly and continuously incapable of performing remunerative work of a substantial and not merely of a trifling character, or prevents him from pursuing to a substantial degree any gainful occupation as a means of livelihood."  *Azevedo* v. *Mutual Life Ins. Co.* 308 Mass. 216, 219.  Within this definition, the plaintiff had no total disability.

It is unnecessary to discuss the requests for rulings, for the facts found demonstrate that the plaintiff is not entitled to recover.  In each case the entry will be

*Order of Appellate Division ordering judgment
for defendant affirmed.*