SOUTHERN STATES LIFE INSURANCE COMPANY *v.* WARNOCK.

HILL, J.   Suit was brought on a policy of life insurance, by one clause of which the insurer bound itself to pay to the insured a certain sum, "if, after one full annual premium thereon shall have been paid in cash, and the policy is then in full force by the payment of premiums as herein provided, the insured shall furnish to the company due proof that he has become physically disabled and wholly, continuously, and permanently incapacitated from carrying on any gainful occupation," etc.   After the alleged disability due proof was submitted to the effect that the insured was physically disabled and wholly, continuously, and permanently incapacitated from carrying on any gainful occupation, "by reason of kidney trouble and cataracts on both eyes," etc.   The insurer declined to pay the amount stipulated in the policy, and suit was brought by the insured, alleging, among other things, that the disability was continuous and permanent, that he was permanently incapacitated from carrying on any gainful occupation, that he had suffered the permanent loss of sight of both eyes and a general and complete loss of health, "caused from complications of heart trouble, kidney trouble, piles, and other ailments, the exact cause and character of which are unknown to petitioner."   A demurrer to the petition was overruled, and the defendant excepted.   On the trial of the case the jury found a verdict for the plaintiff for the amount sued for, with damages on account of the defendant's refusal to pay the claim within sixty days after the notice of disability, and attorney's fees for the prosecution of the case.   A motion for a new trial was overruled, and the defendant excepted.   All of the grounds of the motion (except as to the sufficiency of evidence to support the finding of the jury, and as to the right of the plaintiff to recover damages and attorney's fees), whether objections to evidence, charges given by the court, or refusals to charge, revolve around one question, namely, whether the fact that the proof of disability which was submitted to the defendant insurer prior to the institution of the suit did not include "heart trouble or the piles," as set forth in the petition, would prevent the plaintiff from recovery for disability not resulting from causes not stated in the notice.   *Held:*

1. The clause of the policy set forth above, and by virtue of which the plaintiff sues, does not contemplate giving notice to the company of the *causes* of disability, but of the *disability itself*, which was done in this case.   Although the plaintiff may have attributed his disability to particular causes at the time of the notice, yet when he brought his suit and described other causes, he could properly make such allegations and offer proof to sustain them.

2. The defendant complains that the verdict of the jury was contrary to the following charge of the court:   "A gainful occupation, as interpreted by the laws of the State of Georgia, means that a person is engaged in some business that is remunerative to him to some extent. It does not mean that it has got to be remunerative to a great extent; but if the plaintiff in this case was not disabled to such an extent

that he could not engage in some gainful occupation, even if it did not amount to much gain, then under the terms of that policy he would not be entitled to recover; . . but if he was not disabled to that extent, then he would not be disabled as contemplated by the policy." No exception is taken to this charge; and without deciding whether it gives a correct definition of what constitutes a "gainful occupation" or not (see Fuller on Accident &c. Insurance, 291 et seq.), all we decide is that the verdict rendered was not contrary to the charge of the court, as contended, but was supported by the evidence.

3. Under the facts and the evidence in the record, we do not think that the plaintiff was entitled to recover damages and attorney's fees in this case; but this will not cause a reversal if, within twenty days from the filing of the remittitur in the court below, the plaintiff will write off from the verdict the damages and attorney's fees recovered. Otherwise a new trial is ordered.

4. There was no error in the rulings on demurrer; and the other grounds of exception in the motion for a new trial are without merit.

*Judgment affirmed, on condition. By five Justices, all concurring.*

SEPTEMBER 12, 1916.

Action upon insurance policy. Before Judge Park. Emanuel superior court. May 21, 1915.

*Jackson & Orme, Williams & Bradley,* and *Atkinson & Born,* for plaintiff in error.

*T. N. Brown* and *Saffold & Jordan,* contra.