SALVATORE MOCCIA *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Worcester.    September 25, 1939. — February 1, 1940.

Present: FIELD, C.J., DONAHUE, QUA, & COX, JJ.

*Insurance*, Disability, Proof of loss.

The insured under a policy of disability insurance was entitled, without filing proof in addition to that originally filed by his statement of condition and his physician's certificate on forms furnished by the insurer for the purpose, to introduce, at the trial of an action for further payments after the insurer had discontinued payments made for a year, evidence of ailments other than those described in the original proof where it appeared that neither the policy nor the form furnished him required any statement as to the cause of his disability, that the insurer was given opportunity to ascertain the precise cause, and that the insurer's physician had made examination of the insured.

In an action to recover payments alleged to be due under a disability insurance policy for total disability for a period ending at the date of the writ, there was no error in the admission of medical testimony that the plaintiff was totally disabled at the time of the trial.

CONTRACT.    Writ in the Superior Court dated January 12, 1934.

Before *Baker*, J., a verdict was returned for the plaintiff in the sum of $560.15. The defendant alleged exceptions.

The case was submitted on briefs.

*G. R. Stobbs, L. E. Stockwell, & J. M. Bashaw*, for the defendant.

*Nunziato Fusaro & Nicholas Fusaro*, for the plaintiff.

DONAHUE, J. The defendant, in 1930, issued to the plaintiff a life insurance policy which, in a rider attached thereto, provided that the defendant, on receipt of "due proof," on forms furnished by the defendant, that the insured had become totally disabled as the result of bodily injury or disease occurring after the issuance of the policy, and that such disability had continued four months, would waive the payment of premiums on the policy and pay to the plaintiff a stated monthly income.

The plaintiff has brought this action to recover total disability benefits under the policy and premiums paid by him, in the period between June 5, 1933, and January 12, 1934, the date of the writ. The case was tried before a jury in the Superior Court and there was a verdict for the plaintiff.

There was evidence warranting a finding that the plaintiff became totally disabled on December 29, 1931. Thereafter the defendant furnished the plaintiff with a form headed on one side "Statement of Claim" and on the other "Attending Physician's Certificate." The "statement" and the "certificate" contained printed questions with a blank space opposite each question for writing in the answers. Answers to all the questions were written in the blank spaces provided and "the statement" and the "certificate" were signed respectively by the plaintiff and by his attending physician. The "statement" and the "certificate" constituted the "proof" furnished by the plaintiff to the company in April, 1932. The plaintiff was never asked by the defendant to furnish further "proof."

The only information relating to the character of the plaintiff's ailments requested in the "Statement of Claim" was as to the "Nature of present sickness or injury." To this request the plaintiff answered, in substance, that he

had trouble with his veins which made him unable to use his left leg and that he was "neurasthenic." The written response of the plaintiff to this request occupied all the blank space provided for an answer in the form furnished by the defendant.

The requests for information in the part of the form headed "Attending Physician's Certificate" likewise did not inquire as to the causes of the plaintiff's condition. The request for a statement of "the present nature of this injury or sickness" was answered by the physician: "Severe varicosities of left leg esp. saphenous"; and his reply to a request that he give his "diagnosis as finally made" was, "Varicosities of scrotum & lt groin." He stated "the symptoms observed . . . during . . . attendance" to be, "swelling of saphenous vein, pain, poor collateral circulation, pain in lt groin and lt sacral region." The form furnished by the defendant required the attending physician to "State in detail the exact condition of the patient at the present time." The form provided for a response to this request a line about four inches long. The physician answered: "At rest pt feels good but upon walking trouble reoccurs."

After the receipt of the "proof" and after an examination of the plaintiff by two physicians employed by the company, it began the payment to the plaintiff of the monthly disability payments provided by the policy. It continued to make such payments for a year. It then, after there had been another examination by a physician employed by the defendant, wrote a letter to the plaintiff stating in substance that he had recovered from his disability sufficiently to have capacity for work and that the terms of the policy did not permit the payment of further benefits. Thereafter it made no payments to the plaintiff. There was evidence that at the time the payments were discontinued and thereafter the plaintiff was totally disabled.

The ailments of the plaintiff mentioned by him in the "Statement of Claim" and in the "Attending Physician's Certificate," submitted to the company, were: a varicose condition of his veins, poor collateral circulation, pain in

the left groin and left sacral region, and neurasthenia. At the trial the plaintiff, in addition to evidence as to these conditions, introduced evidence of various heart ailments. It is the contention of the defendant that the judge erred in admitting testimony as to other ailments than those stated in the "proof" submitted by the plaintiff and in refusing to strike out such evidence on the defendant's motion.

The plaintiff's policy required that he give to the company "due proof" that he had "become totally disabled, as the result of bodily injury or disease," on a form furnished by the defendant. There was no question on the form relating to the cause of the plaintiff's disability and only one question as to the character of his ailments. He was asked to state the "Nature of [his] present sickness or injury." In view of the wording of this inquiry and the limited space allotted for its answer, it is a reasonable assumption that the plaintiff was expected to give only a short answer stating his physical condition at the time the answer was made, and not a discussion of its causes. The questions which the attending physician was required to answer were directed toward obtaining information as to the nature and extent of his injury rather than an opinion as to the causes of his condition. This type of policy is unlike those covering disability resulting from accidental means where the policy requires "proof" not only of disability but also of the cause of the disability.

Under the type of policy issued to the plaintiff the obligation undertaken by the company was to pay monthly benefits on the happening of the event of his total disability as the result of bodily injury or disease. The words "bodily injury or disease" include practically every source from which disability could arise. The policy does not require that there be "proof" of the causes producing the bodily injury or disease. The form on which the company required that the plaintiff submit proof asked no information as to the cause of the plaintiff's condition. Under this type of policy the important thing is proof of total disability, not proof of the causes of disability. *Pacific Mutual*

*Life Ins. Co.* v. *Butler,* 192 Ark. 614, 617. *Southern States Life Ins. Co.* v. *Warnock,* 145 Ga. 791. The ascertainment of the causes of disability is often difficult, *Carson* v. *New York Life Ins. Co.* 162 Minn. 458, 463; *Wick* v. *Western Life & Casualty Co.* 60 Mont. 553, 556, and sometimes impossible. *Jennings* v. *Brotherhood Accident Co.* 44 Colo. 68, 77.

The plaintiff awaited the expiration of a period of four months of disability, as required by the policy, and then submitted "proof" to the company. He set forth therein a physical condition of total disability. There is nothing to indicate that he then knew or should have known more about the origin or the nature of his disability than was therein stated. It cannot be said that he did not furnish adequate "proof" of his condition at that time, within the requirements of the policy.

The main contention of the defendant is that the plaintiff should not have been allowed at the trial to introduce evidence of ailments of the plaintiff not recited in the "proof" submitted almost a year and nine months before the action was brought. An insured's statement in his "proof" of certain ailments might be evidence against his later contention that he had other ailments than those recited in the "proof." But under this type of policy where the benefits provided are for a specified condition without reference to its cause, the plaintiff is not bound by the statements in the "proof" to the extent that he cannot, at the trial, show ailments that totally disabled him other than those appearing in the "proof." *Ocean Accident & Guarantee Corp. Ltd.* v. *Moore,* 85 Fed. (2d) 369, 372 (certiorari denied, 299 U. S. 609). *Gass* v. *Commonwealth Casualty Co.* 113 Kans. 510, 512. *Wade* v. *Metropolitan Life Ins. Co.* 179 S. C. 70, 76. An insured may prove at the trial such other causes without making a new proof of claim at least where, as here, the insured was examined by the company's physicians and the company had the opportunity, if it desired, to ascertain the precise causes of disability. *Clarke* v. *Travelers Ins. Co.* 94 Vt. 383, 386, 387. *Ocean Accident & Guarantee Corp. Ltd.* v. *Moore,* 85 Fed. (2d)

369, 372. *Southern States Life Ins. Co.* v. *Warnock*, 145 Ga. 791. *Wade* v. *Metropolitan Life Ins. Co.* 179 S. C. 70, 78. The opinion in *Massachusetts Mutual Life Ins. Co.* v. *England*, 171 Tenn. 104, 109, on which the defendant relies, is based in part on the fact that the insured refused to comply with the request of the company, made after action was brought, for "proof" of an ailment stated in the declaration but not in the "proof" that the insured had submitted. Intimations in the opinion going beyond that ground of decision are not in accord with the doctrine of the cases above cited.

In the present case there is nothing to indicate that the plaintiff did not, in good faith at the time required, that is, four months after the existence of total disability, furnish the defendant with all the information he then had or reasonably should have had as to his ailments with such fullness as the form of "proof" he was required to use permitted. He complied with all requests for examination by physicians employed by the defendant. They had opportunity to ascertain the causes of the plaintiff's total disability, in addition to determining whether his condition was that of total disability if the defendant desired such ascertainment. We think that the language of the policy or of the form of "proof" did not require the plaintiff at his peril to ascertain, and to state in the form, the medical causes of his disability. The evidence as to heart ailments was properly admitted at the trial although they were not referred to in the "proof" submitted to the defendant.

The defendant also excepted to the testimony of physicians, called by the plaintiff as expert witnesses, to the effect that the condition of the plaintiff was, at the time of the trial, one of total disability. There could, of course, be no recovery in this action for payments coming due under the policy after the date of the writ. We do not, however, think it can be said, where, as here, the issue is as to total disability during a certain period, that evidence of the continued existence of such a condition after the expiration of the period might not have a bearing on the issue. The judge's charge is not before us and we cannot assume that

he did not appropriately instruct the jury as to the effect to be given such evidence. *Arabia* v. *John Hancock Mutual Life Ins. Co.* 301 Mass. 397, 402.

*Exceptions overruled.*