DOMENICO SILVESTRIS *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Worcester.   September 25, 1939. — February 28, 1940.

Present: FIELD, C.J., DONAHUE, QUA, & COX, JJ.

*Insurance*, Disability, Proof of loss.

A policy of disability insurance and the form for proof of claim furnished by the insurer to be filled out by the insured and his physician, which did not require in the proof a statement as to the cause of disability, permitted the insured at the trial of an action on the policy to rely on evidence of ailments or injury causing disability other than the disease stated in his proof of claim where there was no evidence of an intent on his part to defraud the insurer by the statements in the proof and the insurer's physician made examinations of the insured.

CONTRACT. Writ in the Superior Court dated March 21, 1934.

Before *Baker*, J., a verdict was directed for the plaintiff in the sum of $882.43.

The case was submitted on briefs.

*G. R. Stobbs & L. E. Stockwell*, for the defendant.
*Nunziato Fusaro & Nicholas Fusaro*, for the plaintiff.

DONAHUE, J. The plaintiff has brought this action to recover disability payments under a policy issued by the

defendant in 1928. By the terms of the policy the defendant agreed to pay to the plaintiff a stated "monthly income" if he became "totally and permanently disabled, as a result of bodily injury or disease occurring and originating after the issuance of said Policy," upon receipt by the company of "due proof" of such disability, on "forms . . . furnished by the Company, on request."

The case was tried in the Superior Court before a jury. During the trial the defendant agreed that the plaintiff was totally and permanently disabled. It contended, however, that the plaintiff's disability was due to syphilis originating before the issuance of the policy. It was the contention of the plaintiff that the disability resulted from an injury to his ankle received by him in 1930, two years after the issuance of the policy. There was evidence supporting each of these contentions. At the close of the evidence the defendant presented to the judge requests for instructions to the jury and a motion for the direction of a verdict in its favor. To the refusal to grant the requests and to the denial of its motion the defendant excepted.

The judge then formulated and submitted to the jury two questions, with instructions to which no exception was taken. By their answers to the questions the jury found in effect that bodily injury was — and that syphilis was not — the predominating cause of the plaintiff's disability. The parties had filed a stipulation "without waiving any exception heretofore taken" to the effect that, if such answers were returned by the jury, the judge should direct a verdict for the plaintiff in a stated sum, with interest. Accordingly the judge directed a verdict for the plaintiff in the amount provided in the stipulation.

The defendant has here argued its exception to the denial of its motion for a directed verdict in its favor and its exception to the refusal of the judge to grant one of its requested instructions, namely, "That if the proof of disability filed by the plaintiff is based solely upon syphilis affecting various parts of the body, the jury should disregard any testimony tending to show that his disability is a result of some other disease or injury." The defendant in its

brief states the basis of its present contentions to be, "first, because the proofs . . . submitted by the plaintiff in no place set forth any bodily injury as the cause of disability, and secondly, because the physician's certificate . . . attributes the disability entirely to syphilis and hence precludes recovery because of any other injury or disease."

The defendant in April, 1932, received from the plaintiff "proof" of his total disability on a form furnished by the defendant. One side of the form, which was headed "Statement of Claim," contained a series of printed requests for information, with a blank space opposite each request for the plaintiff's response. The "statement" was signed by the plaintiff. On the reverse side of the form, which was headed "Attending Physician's Certificate," there was also a series of printed requests for information with a blank space opposite each request where the response of the attending physician was to be written. The "certificate" was signed by the physician attending the plaintiff. All the requests for information, which the form furnished by the company required the plaintiff or his physician to answer, were answered.

The requests did not in terms call for a statement of the causes of the plaintiff's disability. The limited space allowed on the form for responses permitted no more than short and general answers. The only question put to the plaintiff as to the character of his ailments was that he state the "Nature of present sickness or injury." To this he replied: "Ulcer of left leg & something wrong about my heart." Answering a question as to why he was unable to work, he wrote: "Because of pain in leg & chest." The attending physician first treated the plaintiff in September, 1931. In reply to the request on the form furnished by the company that he "State the present nature of this injury or sickness" the physician wrote: "Syphilis ulcer left leg. Cardio-vascular lues"; and to the request that he give his diagnosis as finally made replied: "Syphilis of leg and blood-vessels & heart." He was asked to "State in detail the symptoms observed by you during your attendance" and answered: "Chronic ulcer of leg which is very slow in

healing which remains healed about a week and breaks open again for few months. Also complains of steady dull pain in midchest and over the heart made worse by exertion." Although the physician was not required by the form to state the originating cause of the disability, in complying with the request, "Give the date treatment was first accorded as given by the patient when you were first consulted," he suggested a cause of disability other than syphilis. His answer was: "Did not consult anybody until he saw me . . . He treated the abrasions on his leg himself."

After the receipt of the "form" filled out by the plaintiff and his physician and after the plaintiff was examined by a physician employed by the company, it made monthly payments as provided by the policy from the date of his total disability until April, 1933. After another examination by a physician employed by the defendant, it then discontinued payments on the stated ground that the plaintiff was no longer totally disabled.

The policy issued to the plaintiff provided for the payments of benefits to the insured in the event of his total and permanent disability "as a result of bodily injury or disease." It made no distinction between payments for disability due to bodily injury and payments for disability due to disease. It imposed liability on the company if total and permanent disability existed as the result either of bodily injury or of disease, irrespective of the causes of such injury or disease. Under this type of policy "proof" of total disability is made important rather than "proof" of causes of the disability.

The form of "proof" that the policy required the insured to use made no direct inquiry as to the cause of any injury or disease producing the plaintiff's disability. The information it required related to the "Nature of present sickness or injury," the "condition of the patient at the present time" (that is, at the time the "proof" was submitted), the symptoms observed by the attending physician, his diagnosis and prognosis. The form indicates generally concern of the defendant with respect to the present and

future condition of the plaintiff but does not show interest in the causation of the disability.

There was no evidence of any intent to defraud the defendant. The information requested in the form of "proof" furnished by the defendant was given by the plaintiff and his attending physician. The company through the examination of the plaintiff by its physician had the opportunity, if it so desired, to ascertain the causes of the plaintiff's total and permanent disability. In these circumstances, even if it be assumed that the cause of disability relied on by the plaintiff at the trial was not sufficiently brought to the attention of the company in the "proof," the insured, in an action brought upon this type of policy, could at the trial introduce evidence of ailments or injury totally and permanently disabling him, other than those stated in the "proof." *Moccia* v. *Metropolitan Life Ins. Co., ante,* 157, 161, and cases cited.

*Exceptions overruled.*