THOMAS HOVHANESIAN *vs.* NEW YORK LIFE INSURANCE COMPANY.

Suffolk. November 5, 1941. — January 27, 1942.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Insurance*, Proof of loss, Waiver, Disability insurance. *Waiver. Practice, Civil*, Appeal. *Words*, "Due proof."

Under the provisions of a policy of insurance for payment of benefits whenever the insurer received "due proof," before default in payment of premiums, that the insured had become "wholly disabled" so that he was and would "be presumably, thereby" "permanently" disabled and that such disability "has then existed for not less than sixty days," the mere facts, that before he defaulted in payment of a premium the insured wrote to the insurer that he had met with an

accident on a date less than sixty days before and that he "was sick in bed," and his son had informed a clerk of the insurer that the insured had had an accident and "was in bad condition right now" and not "able to work, I don't know for how long," did not warrant a finding that the insured had furnished the required "due proof."

Statements, oral and written, by an insured to the insurer, made after default in payment of a premium and complementary to an insufficient proof submitted before such default, did not warrant a finding of "due proof" by the insured which the policy required should be made before such default.

A notice printed on the back of a policy of insurance stating in substance that it was "not necessary" for the insured "to employ the agency of any person" "in collecting the insurance under this policy," and that "time and expense" would "be saved by writing direct to the" insurer's home office, did not amount to a waiver of a provision of the policy requiring "due proof" of a claim thereunder.

An appeal claimed from an order sustaining a demurrer is not brought before this court by a mere reference to the appeal in a bill of exceptions saved at the trial on the merits.

CONTRACT. Writ in the Superior Court with a date agreed to be July 20, 1940.

The case was tried before *Goldberg*, J.

*C. W. Lavers*, for the plaintiff.

*F. H. Nash*, (*B. Aldrich* with him,) for the defendant.

QUA, J. This is an action to recover for disability on a policy of life insurance which also includes a provision for annual disability payments "if the Insured becomes wholly and permanently disabled . . . subject to all the terms and conditions contained in Section 1 hereof."

"Section 1" defines the "Total and Permanent Disability Benefits" and, in so far as material to the grounds of this decision, provides that whenever the company receives due proof, before default in the payment of premium, that the insured "has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days" the company will waive payment of the premium and will "pay the Insured a sum equal to one-tenth of the face of the Policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the Insured."

It is further provided that the company may, not oftener than once a year, demand due proof of continued disability; and upon failure to furnish such proof, or if it appears that the insured is no longer wholly disabled, no further premiums shall be waived nor income payments made.

After a verdict for the plaintiff for a sum which implies a finding of disability for about three years, terminating long before the agreed date of the writ, and after the jury had also in answer to questions found specially "that the plaintiff was not totally disabled at the time of the trial and had not been continuously totally disabled," the judge entered a verdict for the defendant on leave reserved. The plaintiff excepted. Thus the question is presented for decision whether there was any evidence to support the jury's finding against the defendant for total and permanent disability.

In order to make out a case of total and permanent disability not only must the disability have been total but it must also have been permanent in the sense meant by the policy. But the requirement of the policy that the disability be permanent must receive a reasonable construction. The parties could hardly have intended that a totally disabled insured person should wait indefinitely until he either recovered or died in order to ascertain whether his total disability was also permanent. On the other hand, the requirement of permanency cannot be ignored and the policy construed as if totality were the only requirement. Where the policy itself furnishes no solution of this problem courts have solved it by treating a total disability as permanent within the meaning of the policy, for the purpose of beginning the payments only, if it is shown to be of such a character that it is likely to continue permanently; that is to say, if it is "presumably" permanent. Thereafter, if at any time total disability ceases, the payments cease. We adopted this rule in *Yoffa* v. *Metropolitan Life Ins. Co.* 304 Mass. 110. See *Arabia* v. *John Hancock Mutual Life Ins. Co.* 301 Mass. 397; *Azevedo* v. *Mutual Life Ins. Co.* 308 Mass. 216, 219. The language of the policy in this case lends itself readily to this construction.

On the record before us it is hard to discover any competent evidence tending to prove the disability of the plaintiff. There was evidence of self serving statements and declarations by the plaintiff out of court and of a statement by his son. Further reference will be made to these shortly. Whatever competency they may have had upon the question of "due proof" of disability, they were not admissible to prove the fact of disability. One of these statements was contained in a letter from the plaintiff to the defendant dated March 13, 1933, and was to the effect that the plaintiff's "accident" took place on June 27, 1932, and that he had been totally and permanently disabled since his "accident." If we assume, without deciding, that this was some evidence of the fact of disability because, when admitted, its application was not restricted to the issue of "due proof" (see *Orpin* v. *Morrison,* 230 Mass. 529, 531, 532; *DuBois* v. *Powdrell,* 271 Mass. 394; *Crowley* v. *Swanson,* 283 Mass. 82, 85; *Blackman* v. *Coffin,* 300 Mass. 432, 437), still we are satisfied that the plaintiff must fail upon another ground.

There was no evidence of the "due proof" of total and permanent disability required by the express terms of the policy to be received by the company not less than sixty days after the disability began and before default in the payment of premium. There was evidence that on or about August 15, 1932, the defendant received a letter from the plaintiff stating that the plaintiff had met with an automobile accident on June 27, 1932, and "was sick in bed." There was also evidence that on January 2, 1933, the plaintiff's son told a clerk at the defendant's office that the plaintiff had had an accident and that "he was in bad condition right now, and he wasn't able to work, I don't know for how long." Neither the statement in the letter of August 15 nor the statement of the plaintiff's son constituted "due proof" of total and permanent or "presumably" permanent disability. "Due proof" is more than the mere notice which might serve if the policy demanded only enough to put the insurer upon inquiry. Compare *Rollins* v. *Boston Casualty Co.* 299 Mass. 42. "Due proof"

requires "evidence in some form, such form as is usual and customary in such cases, or as is recognized by law, and is calculated to convince or persuade the mind of the truth of the fact alleged." *Fitchburg Savings Bank* v. *Massachusetts Bonding & Ins. Co.* 274 Mass. 135, 152, quoting from *O'Reilly* v. *Guardian Mutual Life Ins. Co.* 60 N. Y. 169, at pages 172, 173. The letter and the son's statement, whether taken separately or together, contained no information as to the character of the plaintiff's injuries, or the nature or cause of his disability and no facts which conveyed knowledge to the defendant that the disability had been or was likely to be continuous or "permanent" or "presumably" permanent within the construction of those words in *Yoffa* v. *Metropolitan Life Ins. Co.* 304 Mass. 110, hereinbefore cited. For aught that appeared the plaintiff might have met with an injury from which complete recovery was naturally to be expected in due course. The policy did not insure against an injury of that kind. These communications were not sworn to nor corroborated, nor was any medical evidence supplied. It would be unreasonable to expect the defendant to pay total and permanent disability benefits on the strength of the meager and desultory information thus furnished. The case is fully governed by the decision in *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471. See further *O'Neil* v. *Metropolitan Life Ins. Co.* 300 Mass. 477, 481. Moreover the letter of August 15 did not comply with the requirements of the policy in that it was received less than sixty days after the alleged disability began.

It is true that there was evidence of an interview between the plaintiff himself and a clerk of the defendant on February 21, 1933, at which some further statements were made, and there was the letter of March 13, 1933, to which we have already referred, but these also would seem insufficient as "due proof" for reasons similar to those already set forth, and in any event these communications came after the policy had lapsed by default in the payment of a quarterly premium due January 19, 1933, and therefore could not complete "due proof" within the condition of the policy.

The plaintiff argues with some elaboration that since, as he contends, a portion of the application attached to the policy containing answers made to the examining physician was never approved by the commissioner of insurance, and since, as he contends, other portions of the policy could not lawfully be approved by the commissioner for the reason that the type was not of the size required by law, and since by G. L. (Ter. Ed.) c. 175, § 193, the policy is nevertheless valid and binding, but "the rights, duties and obligations of the parties thereto" must be "determined by" c. 175, it follows that the policy must be read as if it contained all the provisions required to be inserted in a policy of accident or health insurance by G. L. (Ter. Ed.) c. 175, § 108. We need not determine the accuracy of this argument, since even if it is correct there is nothing in § 108 that relieves the plaintiff of the necessity of furnishing "due proof" of disability. See also as to this contention *Orr* v. *Prudential Ins. Co.* 274 Mass. 212, 215, 216.

On the back of the policy is printed the following: "NOTICE: It is not necessary for the Insured or the Beneficiary to employ the agency of any person, firm or corporation, in collecting the insurance under this Policy, or in receiving any of its benefits. Time and expense will be saved by writing direct to the Home Office, 346 and 348 Broadway, New York City." The plaintiff contends, as we understand him, that this provision cast upon the defendant the burden of preserving the plaintiff's rights for him and in effect amounted to a waiver of "due proof." We cannot accept this proposition. The requirement of "due proof" is an important condition included in the operative part of the policy. It could not have been intended that it should be cancelled or neutralized by a "notice" like this on the back. If there is anything to the contrary in *Guardian Life Ins. Co.* v. *Brackett*, 108 Ind. App. 442, we cannot follow it.

Because there was no evidence of "due proof" of total and permanent or "presumably" permanent disability "before default in the payment of premium," the judge rightly entered the verdict for the defendant on leave reserved.

The plaintiff has attempted to argue an appeal by him from an order sustaining a demurrer to one of the counts in his declaration wherein he sought to recover back all premiums paid by him on the policy on the ground that the company had misrepresented to him the nature of the policy that it sold him. No such appeal is printed in the record or is before us. The only reference to it is a statement in the bill of exceptions that an appeal was taken. The demurrer was not sustained by the same judge who signed the bill of exceptions. Appeal and exceptions are two separate and distinct means by which a case may be brought to this court for review. G. L. (Ter. Ed.) c. 231, §§ 96, 113. The applicable laws are different. Where a party intends to insist upon both exceptions and appeal he must enter both in this court. G. L. (Ter. Ed.) c. 231, § 96. An appeal is not brought here by a reference in a bill of exceptions. *Woogmaster* v. *National Surety Co.* 260 Mass. 184, 188, 189. It is not improper to add that in our opinion the demurrer was rightly sustained on the ground that the declaration itself shows that the policy was of the type it was represented to be.

*Exceptions overruled.*