ARTHUR S. MANZI *vs.* PROVIDENT MUTUAL LIFE INSURANCE COMPANY.

Worcester.    September 25, 1956. — November 30, 1956.

Present: RONAN, SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Insurance,* Disability insurance, Proof of loss.    *Words,* "Due proof."

The insured under a disability insurance policy requiring him to furnish "due written proof" of total disability preventing his engaging in gainful occupation and occurring prior to a certain date might properly be found on the evidence to have complied with such requirement by furnishing at different times several proofs, including medical certificates, which, taken together, were reasonably sufficient to indicate to the insurer the existence, prior to the date in question, of disabling heart trouble preventing the insured from engaging in more than inconsequential "light work," although the more serious heart attacks did not occur and the diagnoses of heart trouble were not made until after that date.

CONTRACT.    Writ in the Superior Court dated February 9, 1948.

The action was tried before *Swift,* J.

*Sumner W. Elton,* for the defendant, submitted a brief.

*Thomas S. Carey,* for the plaintiff.

CUTTER, J.   This is an action of contract to collect total and permanent disability benefits (from December 11, 1945, to the date of the writ) under an agreement supplemental to a policy of life insurance on the plaintiff's life.   At the close of the evidence, the judge denied the defendant's motion for a directed verdict and the defendant duly excepted. There were verdicts for the plaintiff.   The case is here on the defendant's bill of exceptions.

The defendant claims also to have taken exception to one portion of the charge to the jury and to the exclusion of one document offered in evidence.   The bill of exceptions, as the defendant's brief admits, does not show that these exceptions were in fact claimed.   They have not been considered. *Concannon* v. *Commissioner of Public Safety,* 324 Mass. 503, 508, and cases cited.   See *Posell* v. *Herscovitz,* 237 Mass. 513, 517; *Quincy* v. *Wilson,* 305 Mass. 229, 231.

The insurance policy provides in part: "The Company agrees, upon receipt of due written proof that the Insured has . . . before the anniversary . . . of said Policy nearest the Insured's sixtieth birthday . . . become totally disabled as the result of bodily injury or disease so that he is prevented thereby from engaging in any business or occupation and performing any work for compensation, gain or profit, and that such total disability has already continued uninterruptedly for . . . at least four months . . . (1) To pay to the Insured an income payment of Two Hundred Dollars for each completed month of such continuous total disability beginning with the fourth such month . . . . Written notice of claim . . . must be presented to and received by the Company at its Home Office . . . during the continuance of total disability and not later than one year after the anniversary of the date of said Policy nearest the Insured's sixtieth birthday, otherwise the claim shall be invalid; provided, however, that failure to give such notice within such times shall not invalidate any claim if it shall

be shown that it was not reasonably possible to give such notice within such times and that such notice was given as soon as was reasonably possible." The anniversary date of the policy nearest the plaintiff's sixtieth birthday was October 2, 1946. Under the quoted provisions of the policy, therefore, it was (among other things not here relevant) necessary for the plaintiff, if he was to collect disability payments, to submit *first* (apparently without limit of time, see *Cooper* v. *Prudential Ins. Co.* 329 Mass. 301, 303) due written *proof* that the plaintiff before October 2, 1946, had become totally disabled so that he was prevented from engaging in any business or performing any work for compensation, and *second* written *notice* of claim to the company's home office (a) during the continuance of the disability (b) not later than one year after October 2, 1946.

The principal contention of the defendant, under these policy provisions, is that the plaintiff did not file seasonable written proof that the event upon which the defendant agreed to pay disability benefits had occurred. The facts upon this aspect of the case (viewed as favorably to the plaintiff as a jury could properly view them) are as follows: The plaintiff was a funeral director in business for himself in Worcester. In his work for many years prior to his admission to a hospital in December, 1945, he was in good health and attended, for long hours each day, to all branches of his business, including the moving of caskets and other heavy work.

On December 11, 1945, he suffered abdominal pains and was taken unconscious to a hospital with a ruptured appendix. He was confined to the hospital until January 17, 1946, and an operation and blood transfusions were necessary. Peritonitis set in. He was inactive at home for about a month and a half and then, on medical advice, went to Florida for six or seven weeks. From then on, he was weak and could do little. During this period, he suffered pains near his chest and heart, once or twice a week, particularly after walking or having dinner. He testified to other symptoms which might indicate heart trouble.

After returning from Florida he visited his office once a week, but only for thirty to forty minutes at a time, and was obliged to hire his son to run the business, and to take on additional employees. He tried to do light work for a period, which could have been found to have lasted only a week or two, but he had "to quit" because "It would affect his heart and he would get pains." This work consisted of some clerical work, giving advice, consulting occasionally with his son, signing a few checks when his son was not around and arranging flowers at the funeral home.

In November, 1946, he had a serious heart attack. Prior to that he had cold sweats and severe pains in the chest, with a bad attack of these symptoms in October, and less severe, "little" attacks earlier, although severe enough "to stop him from working."

A competent cardiologist who first examined the plaintiff June 4, 1947, recorded heart symptoms then of five to six months' duration and made a diagnosis of coronary artery disease and angina pectoris. He gave the opinion that the surgery performed on the plaintiff on December 14, 1945, could have precipitated or aggravated the plaintiff's condition, bringing to the surface symptoms which had developed over the course of many years. Efforts at rehabilitation of the plaintiff, this witness stated, had proved futile because of adverse reactions when the plaintiff attempted to work.

Another medical witness testified that he took care of the plaintiff in December, 1945, when he was in the hospital, and had advised him periodically thereafter. On April 16, 1946, the plaintiff stated to this witness that he had done no work, felt tired and suffered from shortness of breath. On November 5, 1946, the plaintiff reported symptoms, which the witness diagnosed as angina pectoris, and thereafter reports of other attacks were made. The witness gave the opinion that the angina pectoris developed as "a direct consequence of the trauma inflicted . . . at the time of the operation." Although the witness did not make a diagnosis of a heart condition until November, 1946, there were complaints of heart trouble before that month. The

witness expressed the opinion that the plaintiff had been totally disabled from performing any work for compensation since December 11, 1945.

On all the evidence which has been summarized, a jury could have found that the plaintiff was totally disabled, within the meaning of that term as used in the policy, prior to October 2, 1946, the anniversary date of the policy nearest the plaintiff's sixtieth birthday. The "light work" which the plaintiff admittedly did was not of such a substantial and continuing character as to require a directed verdict for the defendant. *Zakon* v. *Metropolitan Life Ins. Co.* 328 Mass. 486, 489–490, and cases there cited. There was sufficient proof of permanence of the disability. See *Hovhanesian* v. *New York Life Ins. Co.* 310 Mass. 626, 628. Compare *Azevedo* v. *Mutual Life Ins. Co.* 308 Mass. 216, 219–220. It thus becomes necessary to ascertain whether there was evidence from which it could be found that the plaintiff satisfied the conditions of the policy, already mentioned, with respect to presentation of notice and proof.

The record shows that the plaintiff furnished to the defendant three written proofs of claim answering with reasonable completeness the questions found on claim forms furnished by the defendant. The first of these forms sworn to on June 13, 1946, claimed total disability from December 11, 1945, to April 15, 1946, because of the appendix operation, recited the facts of this illness and recuperation and stated, in answer to a question about the plaintiff's ability to engage in lighter work, "Yes since April 15, 1946." A doctor's certificate by the second medical witness, already mentioned, simultaneously filed, answered the question "How soon do you think that the Insured will probably be able to do work of some sort?" with the words "has returned to work," and indicated that the total disability in his opinion would be temporary. A check for one month of total disability was paid by the defendant as a result of this first proof.

A second proof was sworn to May 27, 1947, and filed the next day. This, in answer to questions, reported the dis-

ability as "Heart ailment" and stated that it prevented engaging in business for gain since November 5, 1946, the date of the first severe heart attack. A medical statement accompanying this claim referred to the appendix operation, gave a diagnosis of angina pectoris and expressed the opinion that the total disability was permanent and had prevented work of any kind in any business since December 13, 1945. The third proof was executed on October 16, 1947, and filed October 20, 1947. It gave December 11, 1945, as the date of injury and of commencement of total disability and mentioned as the disability "Appendicitis, peritonitis — heart disturbances." A medical certificate substantiating this was also filed.

In the three certificates there were discrepancies of statement, which the plaintiff and his medical adviser explained on various grounds of inadvertence and the increasing knowledge of the causes of the plaintiff's symptoms of weariness and weakness which was available as the manifestations of the heart trouble became more readily identifiable. However, even from the second proof of claim dated May 27, 1947, and the accompanying medical certificate, an adequate picture of the status of the plaintiff's disability was presented to enable the defendant to form an estimate of the situation, particularly when it was buttressed by the correspondence which grew out of the second proof of claim. The first proof of claim was filed in June, 1946, before the plaintiff's symptoms were plainly identified as heart disease. It was corrected with reasonable promptness by the plaintiff, apparently acting without legal advice, by the second proof of claim dated in May, 1947. Although the plaintiff referred in this second claim to the date of his first severe heart attack as the initiation of his disability, the accompanying medical certificate reported the disability as beginning December 13, 1945. When counsel were called in in September, 1947, a more accurately stated proof was filed on October 20, 1947. We think the jury could reasonably have found (1) that adequate written notice of claim was received by the defendant's home office before October 2,

1947, that is, within a year of the anniversary of the policy nearest the plaintiff's sixtieth birthday, and (2) that the proofs of claim, taken in the aggregate, particularly when the defendant had the privilege under the policy of examining the plaintiff if it wished to do so, constituted due written proof that the events, upon which the defendant's liability would arise, had occurred. In *Howe* v. *National Life Ins. Co.* 321 Mass. 283, 284–285 (where recovery was denied because the proof did not show that death was not caused by disease rather than by accident which would give rise to liability for the double indemnity there in question), it was said, "In the absence of some provision designating its form, due proof may be submitted in any appropriate form, and, if furnished by one or more documents, they may be construed separately or collectively in determining whether the information required has been given. . . . 'Due proof' means evidence proper in form and sufficient in character to indicate the truth of the facts stated, and to show that the event has happened upon which the defendant had promised to pay. The purpose of furnishing the defendant with due proof is to enable it to form an intelligent estimate as to whether the death came within the terms of the policy." See also *Cooper* v. *Prudential Ins. Co.* 329 Mass. 301, 303 (where on the facts there appearing it was held that "due proof" had not been made). The completion of a blank supplied by the company was held sufficient compliance with the requirement of proof under a substantially similar policy in *Arabia* v. *John Hancock Mutual Life Ins. Co.* 301 Mass. 397, 401.

The present case is not like the *Howe* case, *supra*, where proof of cause of death was required. See *Silvestris* v. *Metropolitan Life Ins. Co.* 305 Mass. 323, 326–327. Here all that must be proved is total disability arising prior to a certain date and continuing for the period for which recovery is sought. See *Hovhanesian* v. *New York Life Ins. Co.* 310 Mass. 626, 628. There is nothing to indicate that as each claim was filed the plaintiff should have known more about the nature of his disability than was stated in

the claim. See *Moccia* v. *Metropolitan Life Ins. Co.* 305 Mass. 157, 160–161. This was not a case where the policy required proof "satisfactory to" the board of directors of the insurer. See *Goldman* v. *Commercial Travellers' Eastern Accident Association*, 302 Mass. 74, 75, 80 (where it was held that there had been submitted insufficient evidence to warrant ruling as a matter of law that the board ought to have been satisfied). See also *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471, 473. Nor is this a case like the *Hovhanesian* case (310 Mass. 626, 629–631), where there was only a meager effort to comply with the obligation of proof.

On the view taken by the court of the adequacy of the evidence of the plaintiff's compliance with the requirements of due proof, there is no occasion to consider the question, discussed at length by the defendant, whether there was a waiver of those requirements.

*Exceptions overruled.*