*Southern District*

## ASSUNTA MOLINARIO
### v.
## JAMES A. SHANNON, EXECUTOR

*Present*: Nash, C. J., Cox & Murphy, JJ.

Case tried to *Tamkin, J.* in the District Court of East Norfolk. No. 23212.

*Cox, J.* This is an action of contract to recover for housekeeping services rendered by the plaintiff to her brother James Vincent DeCaro before his death on December 26, 1961.

The justice found that the plaintiff rendered housekeeping services to her brother for a period of about two years and eight months until her services were terminated by her brother. He found that DeCaro had intended to compensate the plaintiff, his sister, for her services to him and that the plaintiff expected compensation. She received no compensation before her brother passed away. There was a finding for the plaintiff in the sum of $4760.00.

The case was reported because the plaintiff claims to be aggrieved by the rulings on his requests for rulings numbers 1, 3 and 5, as

follows:

"1.　As between brother and sister, there is a presumption that occasional housework done by the sister for her widower brother is done gratuitously."

This request the justice denied.

"4.　If on all the evidence, it is found as a fact that the testator paid the plaintiff for her services and returned gratuities to her for the services she rendered to him, then the plaintiff has not sustained her case by a fair preponderance of the evidence and she cannot recover either in express contract or implied contract."

This request was allowed with the notation "but not applicable to the facts found."

"5.　On all the evidence the court is warranted in finding that the testator wanted to terminate the practice of the plaintiff coming to his home and hence the plaintiff is not entitled to recover because she cannot show on these facts, that the testator intended to compensate the plaintiff for her services."

The request was allowed but with the further ruling that it was not applicable to the facts found.

　　The denial of request number 1 was right. In the first place the request assumes that the plaintiff's services consisted of occasional housework. The finding is that her services extended over a period of two years

and eight months. On that ground alone the denial of the request must be sustained. A requested ruling need not be given when the judge does not find the facts which the request assumes. *Fain v. Fitzhenry-Guptill Co.,* 335 Mass. 6, 9.

If we assume that because of their close relationship services performed by a sister for her brother are presumed to be gratuitous, such a presumption is nevertheless rebuttable. *Tower v. Jenney,* 279 Mass. 208, 211, and cases there cited. The decision of the justice that the plaintiff's services were not gratuitous conclusively rebutted and disposed of the requested ruling that the services were gratuitous even if the word "occasional" had been omitted from the request. *Mason v. Black,* 341 Mass. 347, 349. We see no error in the denial of number 1.

The defendant has waived any question which he raised with reference to request number 4, which the justice allowed.

With reference to request number 5, which the justice allowed, it is sufficient to say that he followed accepted practice in allowing the request and then finding otherwise as he did. *Bresnick v. Heath,* 292 Mass. 293, 298-299; *Perry v. Hanover,* 314 Mass. 167, 173-176; *Hoffman v. Chelsea,* 315 Mass. 54; *Liberatore v. Framingham,* 315 Mass. 538.

The defendant's further contention that the justice, having allowed request number 5 with the notation that it was not

applicable to the facts found, was inconsistent in finding as he did, is untenable. Clearly the findings were the opposite of the statements contained in the request so that in fact there was no inconsistency on the part of the justice. But, if the defendant was of the opinion that there was such an inconsistency on the justice's part, his only remedies were a motion to correct the alleged inconsistency or a motion for a new trial. *Biggs v. Densmore,* 323 Mass. 106; *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524.

Most of the defendant's argument is directed against the justice's findings. The report states only that the defendant claims to be aggrieved by the rulings given on his requests numbers 1, 4 and 5, of which number 4 has been waived. There must be a request or a ruling on a point sought to be reported. *Wasserman v. Caledonian-American Ins. Co.,* 326 Mass. 518, 519. The defendant made no request for a ruling in any form that a finding for the plaintiff was not warranted. Nor did the defendant claim to be aggrieved by the justice's finding and request a report so that its validity might be here determined. Accordingly, his contentions against the justice's findings need not be considered. *Manzi v. Provident Mutual Life Ins. Co.,* 335 Mass. 71, 72.

It is enough to say with reference to the justice's findings that they show a legal basis for recovery by the plaintiff in this

action. Even though a finding for the defendant would have been warranted, nevertheless, in our opinion, the conclusion from the evidence was also warranted that the plaintiff's services were rendered with the expectation that she would be paid for them and that her brother accepted without dissent until he discharged her, her services which he knew or should have understood were to be paid for. Under those circumstances the law implies a promise to pay. *McKenna v. Trombly,* 206 Mass. 62. The special findings leave no room for any presumption that the services were gratuitous.

██ The judge without the aid of expert testimony could evaluate the plaintiff's services. The award does not appear to us to be excessive. *Mason v. Black,* 341 Mass. 347.

As we see no reversible error of law an order should be entered dismissing the report.

Vincent E. Pichulo, of Boston, for the Plaintiff.

James A. Shannon, of Quincy, for the Defendant, Pro Se.