*Southern Division*

## ROBERT A. NELSON

### v.

## QUINCY MUTUAL FIRE INSURANCE CO.

Argued: Apr. 29, 1969. Decided: Dec. 6, 1969.

*Present:* Nash, P.J., Owen, Murphy, J.J.

Case tried to *Colten, J.,* in the Municipal Court of Brookline No. 1122 of 1967

*Owen, J.* This is an action of contract to recover a loss (mysterious disappearance) of valuable items of personal property covered by an insurance policy issued by the defendant to the plaintiff. The answer was general denial, denial of coverage, failure to file a sworn statement of loss.

The evidence in brief was that the plaintiff after an absence of three days from his apartment returned and found an empty strong box with a damaged lock and the various specified articles of personal property missing. The plaintiff reported the loss to the police who found no signs of breaking and entering into the apartment. The property in question was insured under the policy in question for loss by "mysterious disappearance." The plaintiff duly notified his insurance broker of the loss and the broker duly notified the defendant.

At the close of the trial the plaintiff duly filed ten requests for rulings, all of which the court allowed.

The court found as fact that the plaintiff

was insured; did claim a loss; did report the loss to the police; did claim a loss under the policy. The court further found as a fact that the plaintiff suffered no loss.

The court found for the defendant and the plaintiff claiming to be aggrieved by the finding for the defendant filed this report.

 A trial judge who sees and hears witnesses testify is not required to believe uncontradicted testimony. It is obvious that in this case the judge did not believe the plaintiff's testimony.

 The plaintiff in his brief for the first time claims inconsistency between allowance of his request for ruling number four and the judge's finding that there was no loss. The only remedies open to the plaintiff to question the alleged inconsistency were a motion to correct the alleged inconsistency or a motion for new trial. No such motions were filed. *Molinaro* v. *Shannon,* 31 Mass. App. Dec. 43. There being no prejudicial error it is *ordered that the report be dismissed.*

PAUL D. MAGGIONI
 of Boston for plaintiff
JOSEPH ALTER
 of Boston for defendant