## Town of Norwell & another *vs.* Hartford Accident and Indemnity Company.

Plymouth. December 15, 1970. — January 21, 1971.

Present: Tauro, C.J., Spalding, Cutter, Reardon, & Quirico, JJ.

*Insurance*, Disability insurance. *Equity Jurisdiction*, Declaratory relief. *Waiver*. *Words*, "Total disability."

The bill in a suit in equity by a town which had purchased from the defendant insurer a policy insuring its employees against disability and by an injured employee seeking an interpretation of the policy and a determination of the plaintiffs' rights thereunder set forth an actual controversy within G. L. c. 231A, § 1; a contention of the defendant that the relief sought by the plaintiffs was foreclosed because they had "a plain and adequate remedy at law" was without merit. [577–578]

The defendant in a suit in equity for a declaratory decree respecting a contract, by participating in the hearings before a master, waived a contention that the plaintiffs had a plain and adequate remedy at law. [578]

A conclusion that an insured under a disability insurance policy had a "complete inability . . . to perform each and every duty of his regu-

lar occupation . . . during any period of continuous disability" and was totally disabled within the meaning of the policy was warranted by the findings of a master in a suit in equity respecting the insured, who was accidentally injured while performing his duties as a police officer, including findings that after he returned to work on night cruiser patrol almost three months after his injury and until he finally ceased to work about twelve days after his return, although he "could perform some of the duties of a police officer," he did not "fully carry out the duties of an officer" and had many serious physical troubles. [578–579]

BILL IN EQUITY filed in the Superior Court on January 23, 1967.

The suit was heard by *Hale, J.,* on a master's report.

The case was submitted on briefs.

*Cortland A. Mathers* for the defendant.

*David Lee Turner* for the Town of Norwell.

*Alfred P. Malaney* for George Cavanagh.

TAURO, C.J.  This is a bill in equity brought by the plaintiffs, the town of Norwell and George Cavanagh, seeking a declaration of their rights with respect to an insurance policy issued by the defendant, Hartford Accident and Indemnity Company.  The defendant in its answer denied "that the . . . [plaintiffs] have not a plain and adequate remedy at law" and requested that the court make a declaratory decree that the defendant has fulfilled the terms of the insurance policy.  The case was referred to a master to whose report the defendant filed objections.  The court confirmed the master's report by an interlocutory decree and entered a final decree.  The defendant appeals from both decrees.

The evidence is summarized: The town of Norwell purchased an insurance contract from the defendant under which certain employees of the town, including the plaintiff Cavanagh, were insured against accidental injury.  The insurance contract provided for the payment of $75 a week to such insured persons as sustained "accidental bodily injury" and are totally disabled.  The term "total disability" is defined in the policy as "complete inability of an Insured Person to perform *each and every duty of his regular occupation* until Weekly Indemnity has been payable for one

hundred and four weeks during any period of continuous disability" (emphasis supplied). The policy also provided for payment of medical expenses up to $2,000 in each case. On July 30, 1965, Cavanagh was accidentally injured while performing his duties as a police officer. The defendant thereafter paid Cavanagh $75 a week for approximately eleven weeks. At the request and upon the insistence of Cavanagh and with the permission of his physician, he was permitted to return to work, "as tolerated, provided he did not engage in any dangerous activity or night driving." On October 22, 1965, he returned to work as a police officer on night cruiser patrol. The master found that because of Cavanagh's condition he could not perform each and every duty of his occupation as a regular police officer; he ceased to work on November 2, 1965, and has not worked since. The town of Norwell granted Cavanagh a leave of absence without loss of pay in accordance with G. L. c. 41, § 111F. There was testimony that Cavanagh did some work connected with a decoration business owned by him and operated by his sons.[1] The master found that this work "was of a trifling and insignificant nature." The master also found that the injuries sustained by Cavanagh "are of a permanent and total nature" and that he had "complete inability to perform each and every duty of his regular occupation" as a result of the accident.

A final decree was entered to the effect that the defendant is liable "in the amount of $6,675.00 which sum is to be shared equally by the . . . [plaintiffs]" and is liable for medical expenses up to the amount of $2,000.

1. The defendant by its brief makes a very short argument that the remedy at law is adequate. The case involves (a) interpretation of an insurance policy, and (b) determination of the town's and Cavanagh's rights under that policy.

---

[1] The master's report stated the following: "There was testimony that . . . [Cavanagh] made several personal contacts and telephone calls on behalf of a decoration business owned by him and operated by his sons, that these were made for the purpose of selling Christmas decorations, that he made four trips during a portion of the period of disability on one of which to New Hampshire he stayed overnight because he could not drive back."

The bill adequately states a controversy (see *Improved Mach. Inc.* v. *Merchants Mut. Ins. Co.* 349 Mass. 461, 463) which may be dealt with by declaratory relief under G. L. c. 231A. That chapter, of course, is to be liberally construed (see § 9). In any event, no objection was pressed to the type of proceeding, and any possible objection was waived by the defendant's participation in the hearings before the master. See *Parkway, Inc.* v. *United States Fire Ins. Co.* 314 Mass. 647, 651, decided before the enactment of c. 231A in 1945. No requests were made for the framing of jury issues, so we need not consider whether they would have been granted. See G. L. c. 231A, § 1; *Tehan* v. *Security Natl. Bank*, 340 Mass. 176, 187–188.

2. The defendant contends that Cavanagh was not totally disabled within the meaning of the policy which defines "total disability" as the complete inability of an insured person to perform each and every duty of his regular occupation until weekly indemnity has been payable for 104 weeks during any period of continuous disability. The defendant points to the master's finding that Cavanagh returned to work as a police officer on night cruiser patrol from October 22 to November 2, 1965, and during that time "could perform some of the duties of a police officer." The defendant also notes that during the months of September, October and November, 1965, Cavanagh sold Christmas decorations in person and by telephone.

This court has stated that " 'Complete physical or mental incapacity of the insured . . . is not essential to his total disability . . . . It is sufficient that his disability is such that it prevents him from performing remunerative work of a substantial and not merely trifling character.' " *Zakon* v. *Metropolitan Life Ins. Co.* 328 Mass. 486, 489–490. The master found that Cavanagh's work selling Christmas decorations "was of a trifling and insignificant nature." Also this work was not part of his "regular occupation." The master also found that during Cavanagh's attempted return to work, from October 22 to November 2, 1965, "he did not fully carry out the duties of an officer; he lost his balance,

his reaction time was slow, he had difficulty retrieving dropped objects. He could not ride in the cruiser for more than two hours at a time and could not perform each and every duty of his occupation as a regular police officer. He had dizziness and nausea during this entire period. . . . During this period he was under constant medication. He ceased to work on November 2, 1965, and has not worked since."

These facts could reasonably be interpreted as confirming the total nature of the disability, rather than as negating the requisite continuity of the total disability. In short there was an attempt to resume regular employment which failed. The findings of the master, therefore, do not appear to be "mutually inconsistent, contradictory or plainly wrong." *Boxborough* v. *Joatham Spring Realty Trust,* 356 Mass. 487, 489. In somewhat similar fact situations, this court has upheld findings of total disability. *Kaufman* v. *National Cas. Co.* 342 Mass. 412, 417. (The insurance company requested rulings to the effect that if the plaintiff went to his office and attended to some business then he was not totally disabled within the terms of the policy. The court stated that the requests "reflect an incorrect impression of the definition of total disability.") *Zakon* v. *Metropolitan Life Ins. Co.* 328 Mass. 486, 490. (A finding that the insured was totally and permanently disabled was upheld even though he engaged in occasional business transactions.) See *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505, 512–513; *Manzi* v. *Provident Mut. Life Ins. Co.* 335 Mass. 71, 75.

The case of *Bouvier* v. *Craftsman Ins. Co.* 300 Mass. 5, cited by the defendant, is distinguishable. This court pointed out that an intervening period of "partial disability" was claimed by the plaintiff and found to exist by the auditor. "Whatever would be the effect of a merely temporary change in the condition of the insured, the specific finding of partial disability for an intervening period of over three months precludes a finding that the total disability of the insured was continuous." *Id.* at 13. We conclude that there was no error.

*Decrees affirmed.*