Shubow, J.
In this action of tort, the plaintiff claimed that in connection with her purchase of a motor vehicle the defendant corporation and its salesman offered to instruct her how to operate the vehicle’s standard, i.e. manual, shift. The plaintiff claimed that during a road trip with the defendant McGloin she was driving the car, which she had purchased, lost control of it and wets injured because of the negligence of the defendants in their mode of furnishing the promised instruction.
The historical facts are not in dispute. On or about February 26,1982, the plaintiff purchased a 1976 Chevrolet Chevette containing a four-speed manually operated transmission. The defendant company’s salesman instructed the plaintiff to sit in the driver’s seat while he sat in the passenger’s seat; he demonstrated the shift pattern and showed her how to set the vehicle in motion and she drove the car around the block three times. While negotiating a turn, the plaintiff lost control of the car and drove head-on into a metal light pole, injuring herself and totally destroying the vehicle.
There was evidence that persons engaged in the business of driving instruction must use vehicles having a dual braking control. On the road training must be preceded by classroom instructions.
In her requests for conclusions of law, all of which were allowed, the plaintiff sought to have the court instruct itself that certain facts were established as a matter of law. The crucial ones were that the defendants had undertaken their instruction for compensation, that G.L.c. 90, §' 7, provides “every automobile used on a way by a person in giving driving instruction for compensation shall be equipped with dual brake controls whereby he may apply the brake while the pupil is driving.” The trial judge, after allowing all of the requests, made the *71 following findings:
1.1 find that the defendants’ did not own, operate, maintain or use the vehicle in question at the time of the accident.
2. I find that the plaintiff owned and operated the vehicle in question at the time of the accident.
3. I find that the plaintiff negligently drove her vehicle at an excessive rate of speed while making a turn.
4.1 find that the plaintiff negligently lost control of her vehicle.
5.1 find that the plaintiff negligently failed to apply the brakes on her vehicle.
6.1 find that the plaintiffs negligence caused her vehicle to hit the pole which resulted in her receiving personal injuries and damages on her vehicle.
7. I find that the plaintiffs negligence was greater than the defendants’ or their agents, servants or employees and therefore, she is completely barred from recovery.
There is before us no ruling of law about which the plaintiff complains. See Franco v. Marinow, 58 Mass. App. Dec. 29, 33 (1976). What she is aggrieved about is a perceived inconsistency between the júdge’s findings of fact and those facts necessarily subsumed in the granted conclusions of law. The plaintiff had properly sought to bring to the trial judge’s attention, by way of motion, the perceived inconsistency between the facts necessarily implicit in the granted requests for rulings and the findings of fact. Nelson v. Quincy Mutual Fire Insurance Co., 42 Mass. App. Dec. 7, 9 (1969); Deane Building Associates, Inc. v. Bruffe, 47 Mass. App. Dec. 78, 82 (1971). See also Kelsey v. Hampton Court Hotel Co., 327 Mass. 150, 143 (1951).
Even though no action on a request for a ruling is before us (see Bushnell v. Bushnell, 393 Mass. 462 [1984]) the trial judge has reported and the parties have briefed the issue of the claimed inconsistency.
Upon analysis, we discern no legally sufficient inconsistency to constitute error in the ultimate finding for the defendant. Finding 1, to the extent it suggests that one defendant, the agent of the other, was not using the vehicle at the time of the accident is logically inconsistent with allowing a request that the defendant McGloin admitted he was sitting in the driver’s seat. But that is an inconsistency which has no bearing upon what the plaintiff contends is a principal issue, framed as follows by her: “2. Were the trial court’s findings that the plaintiff negligently drove around the corner at an excessive rate of speed, lost control, failed to apply the brakes and that her negligence was greater than the defendants’ inconsistent with the driver-instructor relationship found to exist?”
The plaintiff, without citing authority, appears to be arguing for a rule of law that a driving student cannot be found to be more at fault than her instructor. We know of no such principle nor why one' should now be adopted. If the plaintiff is not invoking a legal rule, she is asking us to review the trial court’s factual determination of the proportional negligence to be charged to each actor.[2] Such a course is not open to us where there is no claim that the court’s finding was not open to it “on any reasonable view of the evidence, including all rational inferences of which it was susceptible.” T.L. Edwards, Inc. v. Fields, 371 Mass. 895, 896 (1976).
There being no error, the Report is dismissed.

So ordered.

 Finding 7 states, in effect, all parties were negligent to some degree.